HASBROUCK *against* VANDERVOORT and HAYWARD.

A husband is not a competent witness for or against the trustee of his wife's separate estate in a suit between the trustee and a third person in relation to the trust estate.

The principle which excludes the testimony of husband or wife, where the other is a party, or interested in the suit, depends merely upon the relations existing between the witness and the party, and not at all upon the interest of the witness in the event of the suit. It is not, therefore, affected by §§ 398 and 399 of the Code of Procedure.

THIS was an action in the superior court of the city of New-York, by the plaintiff as trustee of the estate of Adeline Pickering, the wife of William L. Pickering.

By an ante-nuptial agreement, dated June 11, 1839, all the estate of Mrs. Pickering was transferred to Peter H. Schenck, upon certain trusts specified in the agreement. On the 8th of September, 1847, the plaintiff was substituted as trustee by an order of the supreme court, upon the resignation of Mr. Schenck. Mrs. Pickering was the owner of one share of stock in the Matteawan Company, valued at more than $1000, which on the 3d of October, 1842, Mr. Schenck transferred by her direction to her husband. On the 1st of December, 1844, the defendant Hayward, by virtue of a power of attorney shortly before executed by Pickering, authorizing him to transfer the stock, transferred it to himself as collateral security for money lent to Pickering by the defendants, who were partners in business. The complaint alleged that the defendants had received for dividends upon the stock enough to pay the amount to secure the payment of which the stock was assigned, with interest, and to leave a balance in favor of Pickering in their hands. The judgment demanded was for a reassignment of the stock to the plaintiff, as trustee, and an account of dividends received, the balance above the amount justly due from Pickering to the defendants to be paid over to the plaintiff.

Upon the trial before Mr. Justice CAMPBELL, the husband, William L. Pickering, was offered as a principal witness in behalf of the plaintiff. The defendants objecting to his admission, the court decided that he was not competent, and gave judgment for the defendants. This judgment was affirmed at general term, from which the plaintiff has appealed to this court.

*Wm. Curtis Noyes* for the appellant.

Mr. Pickering, the husband of Mrs. Pickering, for whom the appellant is trustee, was a competent witness on behalf of the appellant, and his testimony should not have been disregarded, for the following reasons:

1. The true reason why husbands and wives are not allowed to be witnesses for each other, is, that they are interested in the event of the suit; the notion that they are inadmissible from policy, and irrespective of interest in the event, seems to be generally given up in England as well as here. (1 *Phil. Ev.*, 64; 1 *Com.*, 443; *Cowen & Hill's Notes to Phil. Ev.*, 1555, *and cases there cited; Norris's Peake on Ev.*, 247, *ch.* 3, § 4.)  2. There was never, in truth, any rule nor any reason in a rule, that a witness must be excluded from testifying on the score of policy alone. In the case of husband and wife, there was, until recently, such an identity of interest, especially by the husband in the wife's property, that he would be excluded from testifying in her favor, on that ground alone, especially if she was a party to the suit. There is no sound policy in closing the mouth of a person who knows all the facts and has no interest to pervert the truth. (5 *Bentham's Rationale of Judicial Ev.*, 327, 344, 5.)  3. In the present case, the trust under which the stock in question was held, with the income, was exclusively for the benefit of the wife during her life, with a contingent right of survivorship in the husband, and as the husband, prior to the filing of the bill, had released such contingent right, he

had no interest whatever in the event of the suit, and could have none. (*Laws of* 1848, 307, *ch.* 200 ; *id.*, 1849, 528, *ch.* 375.) 4. Some of the authorities relied on as excluding him, are the following : *Barker* v. *Dixie, Cases Temp. Hardw.*, 264; 1 *Greenl. Ev.*, §§ 331, 344 ; *Davis* v. *Dinwoody*, 4 *Term R.*, 678 ; *Erwin* v. *Smaller*, 2 *Sandf. S. C. R.*, 340 ; *Barry* v. *Mercein*, 8 *Paige*, 50 ; *Hosack* v. *Rogers, id.*, 242 ; *Wyndham* v. *Chetwynd*, 1 *Burr.*, 424; *Snyder* v. *Snyder*, 6 *Binn.*, 488; *Burrell* v. *Bull*, 3 *Sandf. Ch. R.*, 15 ; 1 *Phil. Ev.*, 83 ; 3 *Carr. & Payne*, 538. But the rule supposed to be established by these authorities was laid down when there was less liberality in the admission of testimony, and before the adoption of the Code, admitting interested witnesses to testify. (*Code of* 1849, §§ 351, 352, 398.) 5. Before the abolition of the objection on the ground of interest in England, and even in Massachusetts, where the rigid common law rule as to interest still exists, a husband has been admitted as a witness in a suit brought by a trustee, for a trust fund, in which the wife was entitled to share. (*Hart* v. *Stevens*, 9 *Jurist*, 225 ; *Abercrombie* v. *Hickman*, 8 *Adol. & Ell.*, 683 ; *Richardson* v. *Learned*, 10 *Pick.*, 261; *Dyer* v. *Homer*, 22 *Pick.*, 253.) So she was admitted, in effect, as a witness against her husband, in equity, more than a century ago. (*Rutter* v. *Baldwin*, 1 *Eq. Ca. Abr.*, 225, *pl.* 15, *A. D.* 1719.) So the wife has been held competent against her husband, in a suit to which he was not a party, and where his liability was only contingent. (*Fitch* v. *Hill*, 11 *Mass.*, 286.) This decision was founded upon *Peake's Evidence*, 128. (*Norris' Peake on Ev.*, 247, *ch.* 3, § 4, 254; *Williams* v. *Johnson*, 1 *Strange*, 504.) The rule was the same in Virginia. (*Baring* v. *Reeder*, 1 *Hen. & Mumf.*, 154; 1 *Greenl. Ev.*, § 341, *notes and cases there cited.*) 6. In this case, the husband has no interest whatever, nor is he a party to, nor can he be legally benefited by the result of the suit, nor is his wife a party. Besides, the whole legal and equitable title to the trust fund was in the trustee. The effect of the Code was to make the husband a competent

witness in such a case as this, and it has been so held under a similar enactment in Connecticut for more than forty years. (*Stanton* v. *Willson*, 3 *Day*, 37 ; *Merriam* v. *Hartford &* *N. H. R. R. Co.*, 20 *Conn.*, 354 ; *Rev. Stat. of Conn.*, *of* 1849, 86, § 141.) 7. Nor was the husband the person for whose immediate benefit the suit was brought, nor was the demand in suit assigned for the purpose of making him a witness. (*Sage* v. *Robinson*, 12 *Jurist*, 1054.)

*John L. Mason* for the respondents.

I. This suit being brought for the immediate benefit of Mrs. Pickering, she would not have been a competent witness in behalf of the plaintiff her trustee. (*Code*, § 399.)

II. William L. Pickering, her husband, was therefore not a competent witness for the plaintiff. 1. It is a general rule that a husband or a wife cannot be a witness for or against each other. 2. This exclusion does not proceed on the ground of a pecuniary interest, because it is applicable in criminal as well as civil cases ; but on the nature of the marital relation, and on principles of public policy. (*Co. Lit.*, 6, *b* ; *Tiley* v. *Cowling*, 1 *Ld. Raym.*, 744 ; *Hall* v. *Hill*, 2 *Str.*, 1094 ; *Rex* v. *Frederick, id.*, 1095 ; *Davis* v. *Dinwoody*, 4 *Term R.*, 678 ; *Stein* v. *Bowman*, 13 *Peters*, 221 ; *Leggett* v. *Boyd*, 3 *Wend.*, 376 ; *The People* v. *Mercein*, 8 *Paige*, 50 ; *Pillow* v. *Bushnell*, 5 *Barb.*, 156 ; 1 *Phillips' Ev.*, 76.) 3. The principle is equally applicable when the suit is for the benefit of the husband or wife, though neither of them may be a party to the record, as where the suit is brought in the name of a trustee. (*Holdfast* v. *Dowsing*, 2 *Str.*, 1253 ; *Wyndham* v. *Chetwynd*, 1 *Burr.*, 424 ; *Burrell* v. *Bull*, 3 *Sandf. Ch. R.*, 15 ; *Snyder* v. *Snyder*, 6 *Binney*, 483, 488 ; 12 *M. & W.*, 45.) 4. The only exceptions to this rule, at common law, are in cases of personal violence, where the wife, from the necessity of the case, is admitted as a witness ; and in actions between third persons, or in collateral proceedings not immediately

Hasbrouck *against* Vandervoort and Hayward.

affecting their mutual interests. These exceptions however admit and confirm the general rule. (1 *Greenl. Ev.*, 390, § 342 ; *The King* v. *Inhabitants of Cliviger*, 2 *Term R.*, 263 ; *The King* v. *Inhabitants of Bushwick*, 2 *B. & Ald.*, 639.)

JOHNSON, J. The material question in this case is whether William L. Pickering, the husband of Adeline Pickering, is a competent witness for the plaintiff, who has brought this suit as trustee of the estate of Mrs. Pickering. Sections 398, 399 of the Code of 1849, at the time of the trial, were applicable to suits begun prior to the enactment of the Code. They are : " No person offered as a witness shall be excluded by reason of his interest in the event of the action. The last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended, nor to any assignor of a thing in action assigned for the purpose of making him a witness." These sections take away the objection on the ground of interest in the event, except in the specified cases. Assuming the witness not to be within either of the exceptions, the question remains, whether the exclusion of the husband and wife from being witnesses in each other's favor rested upon the interest of the excluded witness in the event of the suit, or upon some other ground. If the rule did not rest solely upon the ground of the interest of the witness in the event, then the Code has not altered the rule, and Mr. Pickering was incompetent to be a witness.

It is said in *Co. Litt.*, 6, *b :* " It hath been resolved by the justices that a wife cannot be produced either against or for her husband, ' *quia sunt duæ animæ in curne unâ*,' and it might be a cause of implacable discord between the husband and wife and a means of great inconvenience." In *Gilbert's Law of Evidence*, 252, the rule is stated in more general terms, that husband and wife cannot be admitted to be witnesses for or against each other, and the grounds of the rule are stated more at large : " If they swear for the benefit of each

other they are not to be believed, because their interests are absolutely the same; and therefore, they can gain no more credit when they attest for each other than when any man attests for himself, and it would be very hard that a wife should be allowed as evidence against her husband when she cannot attest for him. Such a law would occasion implacable divisions and quarrels, and destroy the very legal policy of marriage that has so contrived it that their interest should be one, which it could never be if husbands were permitted to destroy the interests of the wife, nor could the peace of families be well maintained, if the law admitted any attestation against husbands." In *Buller's N. P.*, 286, as a branch of the rule that persons interested in the event of the suit cannot be witnesses, it is stated: "That husband and wife cannot be admitted to be witness for each other, because their interests are absolutely the same; nor against each other, because contrary to the legal policy of marriage." This statement of the rule was made the foundation of an argument in *Davis* v. *Dinwoody* (4 *Term R.*, 678) for the competency of the husband (in an action by the trustees under his wife's marriage settlement against a sheriff to recover the value of certain personal property taken by defendant on an execution against the husband) to prove the identity of the articles. The position taken was that the husband was not interested in the event; that the only ground on which husbands and wives are rejected when speaking for each other was that of interest, and that in the case at bar the interest was the other way. Lord KENYON, however, said: "Independently of the question of interest, husbands and wives are not admitted as witnesses for or against each other; from their being so nearly connected they are supposed to have such a bias upon their minds that they are not to be permitted to give evidence either for or aganst each other." BULLER, J., added: "It is now considered as a settled principle of law that husbands and wives cannot in any case be admitted as witnesses for or against each other."

This statement of the rule by BULLER, J., acquires great additional weight from the fact that he had been under the impression that the rule which forbids husband and wife to testify for each other, was founded upon interest in the event and had abandoned it as unsound. This appears from *Rex* v. *Cliviger* (2 *Term R.*, 263), in which the case of *Bentley* v. *Cooke* was stated by counsel to have been decided by the court on the broad ground of the impolicy of permitting husband and wife to give evidence for or against each other, and that BULLER, J., doubted at first upon the ground that the husband was not interested in that case but afterwards acceded to the opinion of the court. GROSE, J., in his opinion in *Rex* v. *Cliviger*, says that the general rule as to husband and wife is founded not on the ground of interest but of policy, and refers to *Broughton* v. *Harpur* (*Ld. Raym.*, 752), as a determination in point; and, in respect to the case of *Bentley* v. *Cooke*, confirms the statement of counsel both as to the ground of the judgment and as to Mr. Justice BULLER's change of opinion. That case has been since reported (3 *Doug.*, 422). It was assumpsit by a woman as sole, and the husband called by defendant to prove plaintiff married to witness. Lord MANSFIELD in giving judgment said : " There never has been an instance, either in a civil or criminal case, where the husband or wife has been permitted to be a witness for or against the other, except in case of necessity;" and WILLES and ASHURST, Js., concurred. BULLER, J., said : " If this case is to be determined by the abstract general rule that the husband and wife cannot be witnesses for or against each other, the witness was certainly incompetent. But if that rule be grounded upon the principle of interest, then I think the husband was competent." He then considers the question of interest, and although he arrives at the conclusion that the husband had no interest, he concludes his opinion by saying : " However, if the rule is a general one, to be sure it must prevail," and acquiesces in the judgment.

The true ground of the rule is also stated in *The People* v. *Mercein* (8 *Paige*, 48), *Burrell* v. *Bull* (3 *Sandf. Ch. R.*, 15), *Stein* v. *Bowman* (13 *Pet.*, 210–221), and in the opinion of the court below in this case; and many of the cases upon the subject are there carefully considered. Upon them all it is entirely clear that the rule of exclusion of husband or wife, where the other is a party or interested in the event, depends merely upon the existence of the relation, and not at all upon the existence in the party offered as a witness of an interest in the event independent of that which the law may attribute to him by reason of the marriage relation. (*Cowen & Hill's Notes*, 150, *n.* 151; *Barbat* v. *Allan*, 10 *Eng. L. & E. R.*, 596; *Alcock* v. *Alcock*, 12 *Eng. L. & E. R.*, 354.) In *O'Connor* v. *Marjoribanks* (4 *M. & G.*, 435), the extent of the rule and the ground on which it rests are stated by Mr. J. MAULE with great distinctness: "The text books generally give as the reason for the rule as to excluding the testimony of husband or wife, the necessity of preserving the confidence of the conjugal relation; and that may be so. But it by no means follows that the rule is merely coextensive with the reason given in support of it; and indeed it would be very inconvenient if it were so, as the question would frequently be raised as to whether or not some particular communication or fact occurring between husband and wife was of a confidential character, which would give rise to endless embarrassment and distrust. A rule may be a very good rule, though the reason on which it is founded may not be applicable to every case which is governed by the rule. For instance, the statute of frauds was passed to prevent, among other things, the setting up of fraudulent agreements; but if it had laid down the rule that no instrument obtained by fraud should be valid, it would have left the question in every case open to great difficulty as to whether there had been fraud or not. Instead of that a clear and simple rule is established, that the agreement must be in writing and signed by the party to be charged therewith. And so the policy of the law, in order

to insure conjugal confidence, has laid down a definite rule, that in no case shall husband and wife be allowed to give evidence for or against each other."

It is, however, insisted that the rule of exclusion does not go further than to place both husband and wife in the same position as to admissibility, and therefore, that if, under the provisions of the Code before cited, Mrs. Pickering herself might have been examined as a witness for her trustee, as not being a person for whose immediate benefit the suit is brought, no objection to the competency of her husband can be sustained. Without undertaking to determine whether under the trust deed in this case Mrs. Pickering is to be regarded as the person for whose immediate benefit the suit is brought, within the meaning of § 399 of the Code of 1849, I will consider how the question of Mr. Pickering's competency will stand upon the assumption that Mrs. Pickering had been rendered competent by the effect of § 398. The course of the argument which we have already pursued I think furnishes the answer. All that § 398 provides is, that interest in the event shall not produce incompetency. Mr. Pickering's incompetency did not spring (as it stood at common law) from his interest in the event. The section therefore has no application to his case. Mrs. Pickering's position is altogether different. The only objection to her competency was interest in the event; that, upon the assumption before made, the law has removed and made her competent. But the statute has not removed her interest, and while that remains her husband cannot be competent. Being incompetent at common law as husband, and not upon the ground of interest in the event, he must remain incompetent until some statute shall remove that ground of incompetency.

*Alcock* v. *Alcock* (12 *Eng. L. & E. R.*, 354), before Vice-Chancellor PARKER, is almost parallel to the case before us. The suit was by the wife against her husband. She offered her own testimony as evidence to support her own case.

Hasbrouck *against* Vandervoort and Hayward.

Before the passage of Lord Denman's act she was subject if offered as a witness to two objections, one that she was a party, the other that she was offered to testify against her husband. That act provided that a witness should not be excluded for interest in the event, but excepted the case of parties to the record and their husbands and wives. Then came 14 and 15 *Vic.*, *ch.* 99, which repealed the exception in the former act as to parties to the record, leaving that as to their husbands and wives untouched. The vice-chancellor said that Mrs. Alcock could not be objected to as incompetent by reason of being a party, but that her incompetency to be examined against her husband remained. By way of illustration he puts the case of an action by a solicitor against his client and the solicitor tendering himself as a witness, and says that the act would not remove the client's right to object to his solicitor's testifying to confidential communications between them. This exactly illustrates the case before us, if it needs illustration. The objection to his competency is not upon the ground of interest in the event, and the statute has left it to stand as it stood before the Code.

Upon the whole case our conclusion is that the sections of the Code referred to have not touched the effect of the relation of husband and wife upon the competency of witnesses. Mr. Pickering was rightly rejected and the judgment below should be affirmed.

RUGGLES, J., did not hear the argument.

All the other judges concurring,

Judgment affirmed.