NEW–YORK PRACTICE REPORTS.                165

Maria Smith, by her next friend agt. Smith.

# SUPREME COURT.

## MARIA SMITH, by HENRY MAYHEW, her next friend agt. MARCUS SMITH.

"A party to an action or proceeding may be examined as a witness in his own behalf, the same as any other witness." (*Code* § 399, *as amended in* 1857.)

The question is, does this provision authorize a party to be examined as a witness on their own behalf, in an action between *husband and wife?*

*Held,* that although the language of the Code is broad enough to cover such a case, yet the courts should hesitate to believe that it was the intention of the legislature to make an innovation so dangerous upon the rules of the common law, relating to husband and wife.

Therefore *held,* in an action by the wife against the husband for divorce, on the ground of adultery, that she was an incompetent witness in the case, and no judgment could be rendered upon her evidence.

*Orleans Special Term, August,* 1857.

ACTION for divorce on account of the adultery of the defendant. The defendant did not appear, and the action was referred to a referee to take proof of the facts stated in the complaint, and to report his opinion thereon. The referee reported his opinion, that the material facts are true, &c., and also the evidence taken by him. The only witness to prove the entire case was the plaintiff. She stated the marriage, and facts tending strongly to establish the adultery of the defendant, as charged in the complaint.

W. M. WEBSTER, *for plaintiff.*

MARVIN, Justice. Was Maria Smith a competent witness? "A party to an action or proceeding, may be examined as a witness in his own behalf, the same as any other witness." So reads the Code, as amended in 1857, § 399. Maria Smith is a party to the action against the defendant, her husband. The language of this provision clearly embraces her, and yet, one familiar with the rules of the common law, relating to husband

Maria Smith, by her next friend agt. Smith.

and wife, and the reasons assigned, time out of mind for those rules, would be likely to hesitate long, before coming to the conclusion that the legislature intended an innovation so dangerous to the peace of families, and the harmony of the domestic relations. At common law, neither the husband nor the wife, could be a witness for or against the other, and this rule was founded partly upon their legal rights and interests, and partly on principles of public policy. It was supposed to be essential to the happiness of social life, that the confidence subsisting between husband and wife, should be sacredly protected and cherished in its most unlimited extent; and that to break down or impair the great principles which protect the sanctity of that relation, would be to destroy the best solace of human existence. (1 *Green. Ev.* § 334, *and the cases cited.*)

So sacred were these principles regarded, that the supreme court of the United States, in *Stein* agt. *Bowman*, (13 *Pet.* 223,) held it error to admit the widow as a witness, to prove that her deceased husband had been bribed to give evidence in a cause.

The court say, that the principle rendered the husband and wife incompetent to disclose facts in evidence, in violation of the rule,—that the principle does not rest upon the discretion of the parties.

There are some exceptions to the rule, relating generally to cases of personal violence. As to the exceptions, see *Best on the Prin. of Ev.* §§ 160 *to* 164; *Green. Ev.* §§ 343 *to* 345.

Notwithstanding the principles upon which the rule is founded, I am not quite sure, but for the decisions which will be presently noticed, that I should not have held that the legislature, in declaring that, " A party to an action or proceeding, may be examined as a witness in his own behalf, the same as any other witness," had abrogated this rule, and that in all actions between husband and wife, either could be a witness against the other.

In the English statute, (6 *and* 7 *Vict. chap.* 85,) enacting that " no person offered as a witness shall be excluded, by reason of incapacity from interest, from giving evidence," it is care-

NEW-YORK PRACTICE REPORTS.    **167**

fully provided that the act shall not render competent a party to the suit, &c., *or the husband or wife of such persons respectively.*

It is one of the original provisions of the Code, that "a party to an action may be examined as a witness, at the instance of the adverse party," (§ 390.)   Under this provision, it was held, that in an action for a divorce for adultery, the defendant could not be examined as a witness for the plaintiff. (*Arborgast* agt. *Arborgast*, 8 *How. Pr. R.* 297.)   In *Pillow* agt. *Bushnell*, (5 *Barb.* 154,) the action was by husband and wife for an assault and battery on the wife, and the defendant called the wife as a witness.   It was held, that she was incompetent to testify for or against her husband; that the object of the statute was simply to remove the objection that previously existed, that a person could not be compelled to testify, because he was a party to the record.   These cases are in principle, in point.   The plaintiff was an incompetent witness in her own action against her husband, and no judgment can be rendered upon her evidence.   She may take an order recommitting the action to the referee.