## HICKS *v.* BRADNER.

### March, 1868.

A wife is not a competent witness in an action brought by her husband against a third person for criminal conversation.*

Russell F. Hicks sued Amariah H. Bradner, in the supreme court, to recover damages for criminal conversation with plaintiff's wife.

On the trial, the defendant called as witness the plaintiff's wife, to disprove the wrongful act complained of, and she was allowed to testify, against plaintiff's objection. The jury found for defendant; and judgment thereon having been reversed by the court at general term, and a new trial ordered, defendant appealed.

————— —————, for defendant, appellant.

*Spencer, Thompson & Mills*, for plaintiff, respondent.

* S. P., 2 *L.* 1867, p. 2221, c. 887, § 2.

BY THE COURT.—MILLER, J.—It is evident that the judge erred upon the trial in allowing the wife of the plaintiff to be sworn as a witness and to testify against her husband. At common law, the husband and wife could not be witnesses for or against each other, and this rule of the common law is not changed by the provisions of the Code, which abrogate the disqualification of witnesses by reason of their being parties. These provisions, as they existed when this action was tried, have no application to a case like the one at bar, as has been held in numerous adjudications of the court. Hasbrouck *v.* Vandervoort, 9 *N. Y.* 153; Smith *v.* Smith, 15 *How. Pr.* 165; Marsh *v.* Potter, 30 *Barb.* 506; Macondray *v.* Wardle, 26 *Id.* 612; White *v.* Stafford, 38 *Id.* 419; Carpenter *v.* White, 46 *Id.* 291; Rivenburgh *v.* Rivenburgh, 47 *Id.* 419. As this error of the judge was sufficient to authorize the general term to grant a new trial, it is not necessary to examine the other questions raised, and the judgment of the general term must be affirmed.

A majority of the judges concurred.

Judgment affirmed, with costs.