**Jayne Ann WOODS, Commissioner of Revenue, Appellant-Defendant,**

v.

**TRW, INC., Appellee-Plaintiff.**

Supreme Court of Tennessee.

Oct. 31, 1977.

Jim G. Creecy, Asst. Atty. Gen., Nashville, for appellant-defendant; Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel.

Michel G. Kaplan, Nashville, for appellee-plaintiff.

## OPINION

HARBISON, Justice.

The question in this case is whether certain amendments to the delinquent tax statutes should be applied retroactively. These amendments were adopted in 1973 and 1974. At issue is their application to a 1971 excise and franchise tax return. One of the amendments shortened the period for instituting collection proceedings, and the Chancellor held that the assessment involved here was barred thereunder.

The facts of the case were stipulated. On February 25, 1972 the taxpayer paid its estimated franchise and excise taxes for the calendar year 1971. It obtained an extension for filing its final return and on September 1, 1972 filed the return together with additional estimated taxes.

At that time T.C.A. § 67–1323 required the Department of Revenue to institute proceedings to collect taxes "within six (6) years from the first of January of the year for which such taxes accrued." Under this provision, the Department of Revenue had until January 1, 1977 to commence such proceedings.

Beginning on September 16, 1974 a series of letters passed between the taxpayer and the Department, in which the latter requested additional information in order to make a final audit. There was a substantial delay between January 1975 and October 1975 during which the taxpayer failed to supply the requested information or even to acknowledge receipt of the Department's letters. Finally, on January 23, 1976, the taxpayer did file the information, and the Department, on March 19, 1976, made an assessment for additional 1971 taxes. The taxpayer declined to pay, contending that a 1973 amendment to T.C.A. § 67–1323 had shortened the period of limitations to three years, and that the assessment was barred by operation of the new statute. The Department refused to acquiesce in that position. The taxpayer thereafter paid the ad-

ditional taxes under protest and timely filed the present suit to recover them, raising no objection to the assessment other than the statute of limitations.

The Chancellor sustained the contention of the taxpayer and allowed recovery. He held that the legislature had authority to make a statute of limitations retroactive to existing cases, provided a reasonable period of time remained for the filing of an action, citing such cases as *Bradley v. LaPenna*, 490 S.W.2d 500 (Tenn.1973).

■ Both the taxpayer and the Chancellor have viewed the issue as one of legislative power or authority to make a statute retroactive. It seems to us, however, that the issue is primarily one of legislative intent. An examination of Chapter 368 of the Public Acts of 1973, which contained the basic amendment in question, persuades us that the act was intended to operate prospectively, rather than retroactively.

This chapter of the 1973 Public Acts amended several statutes dealing with administration of the Department of Revenue, and also the gift, inheritance and estate tax laws. It was by no means confined to an amendment of the period of limitations. In the first section, new procedures were authorized, providing for formal hearings before the Commissioner in certain types of cases. The second section of the chapter prescribed new professional qualifications for internal auditors. The fourth section contained a number of penal provisions, creating new felonies and misdemeanors for interference with revenue officials and the obstruction of tax collections, and prescribing punishment therefor. In the third section are found the provisions at issue here, changing the period of time during which assessment and collection proceedings must be commenced. Insofar as pertinent here, this amendment provided that levies and other collection procedures must be commenced within three years from December 31 of the year in which a tax became due and payable.

If the 1973 amendment applied to the taxpayer's 1971 return, the Department would have had to make its final assessment and institute collection proceedings no later than December 31, 1975, since the taxes were due in 1972. Hence the assessment made in 1976 would have been barred.

By Chapter 484 of the Public Acts of 1974, T.C.A. § 67–1323 was further amended, to provide a three-year limitation after the year in which the tax return was filed. This amendment, if applicable to the present case, would also have required institution of collection proceedings by December 31, 1975.

In 1974 the Attorney General gave an opinion to the Department of Revenue that the 1973 amendment to the limitation period was prospective and applied only to taxes accruing in 1973 and in subsequent years. We are of the opinion that the conclusion of the Attorney General was correct, and that the legislature did not intend for the amendment to apply to tax years prior to the date of its enactment.

The taxpayer itself concedes that the statute would have to be given some prospective operation, because collection proceedings for 1968 taxes would have been barred before the effective date of the 1973 amendment. The taxpayer contends, however, that for all years after 1968 the Department had a reasonable time after the effective date of the amendment in which to process returns and commence collection proceedings.

■ We do not question the authorities cited by the Chancellor and by the taxpayer to the effect that the legislature has the general power to make many kinds of statutes, including limitations for collecting taxes, retroactive to prior years, if it clearly expresses such an intention. Ordinarily, however, statutes enacted by the General Assembly are given prospective operation and will be so construed unless a clear intention to the contrary is found in their provisions. *See Cates v. T.I.M.E., D.C., Inc.*, 513 S.W.2d 508, 510 (Tenn.1974); *Jennings v. Jennings*, 165 Tenn. 295, 303, 54 S.W.2d 961 (1932); *Dugger v. Insurance Co.*, 95 Tenn. 245, 249, 32 S.W. 5 (1895).

In the present case, there can be no question but that those portions of Chapter 368 of the Public Acts of 1973 creating new criminal offenses and providing new criminal sanctions were intended to be prospective. To give these a retroactive application and to designate prior activities as criminal offenses would convert these provisions into ex post facto criminal laws, making them unconstitutional. The first section of the 1973 Public Act created some new administrative procedures. In the second section of the Chapter, new and different qualifications were provided for the position of an internal auditor. Set between the second and fourth sections, both of which seem clearly to be prospective in operation, are the provisions of section three, changing the limitation period at issue here and amending the lien and enforcement periods in a number of specific tax statutes.

■ It is, of course, entirely possible for some portions of a public act to be prospective in operation and others retroactive. We are of the opinion, however, that the intention of the General Assembly to achieve that result should be clearly and unequivocally expressed. We find no such expression here. Viewing Chapter 368 of the Public Acts of 1973 as a whole, we are persuaded that it was intended to have prospective operation, as concluded by the Attorney General. As pointed out above, certain of its provisions could hardly be construed otherwise within constitutional limits.

The judgment of the Chancellor is reversed and the suit is dismissed at the cost of appellee.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.