# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### JULY 20, 2011 Session

## EDITH NELL ALLEN SHAW v. JERRY EMERSON SHAW

**Direct Appeal from the Chancery Court for Madison County**
**No. 62964      James F. Butler, Chancellor**

---

**No. W2010-02369-COA-R3-CV - Filed September 21, 2011**

---

Mother and Father were divorced in 2006, and Father was ordered to pay child support for the parties' adult disabled son. In 2010, the divorce court increased Father's child support obligation for the adult disabled son. We vacate both orders to the extent that they required Father to pay child support for the adult disabled son because the divorce court did not have subject matter jurisdiction to order such support. We also remand this matter for such further proceedings as may be necessary.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Rachel L. Lambert, Arlington, Tennessee, for the appellant, Jerry Emerson Shaw

Clayton F. Mayo, Jackson, Tennessee, for the appellee, Edith Nell Allen Shaw

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Edith Nell Allen Shaw ("Mother") filed a complaint for a divorce from Jerry Emerson Shaw ("Father") in 2005, when their son, James, was eighteen years old. James has cerebral palsy, and Mother requested that Father be ordered to pay child support for James despite the fact that he had reached the age of majority. In his answer and countercomplaint, Father denied that it was necessary to order child support for James and claimed that he was voluntarily providing such support despite the fact that James was emancipated. The trial court entered a final decree of divorce in 2006, in which it found that it was appropriate to order Father to pay child support for James pursuant to Tennessee Code Annotated section 36-5-101(k)(2). The divorce court had heard testimony regarding the extent of James's disability from several witnesses, including James's vocational rehabilitation counselor and James himself. The final decree included lengthy findings regarding the extent of James's abilities, and it stated that the proof was "overwhelming" that James was severely disabled within the meaning of section 36-5-101(k)(2). As a result, the court ordered Father to pay child support in the amount of $1,058 per month, which included child support for James as well as his younger sister, who was still a minor. After the divorce, Mother and James moved to Georgia.

In 2010, Mother filed a petition in the divorce court in Tennessee seeking an increase in Father's child support obligation for James and seeking to recover allegedly unpaid arrears. Following a hearing, at which only Mother and Father testified, the trial court entered an order setting Father's child support obligation for James at $1,052. The court incorporated into its final order its previous findings from the divorce decree regarding the extent of James's disability, and the court concluded, based on the evidence from the divorce trial combined with the evidence from the 2010 hearing, that James is severely disabled and in need of support pursuant to Tennessee Code Annotated section 36-5-101(k)(2). Father timely filed a notice of appeal.

### II. ISSUES PRESENTED

Father presents the following issues, as we perceive them, for review on appeal:

1. Whether the trial court lacked subject matter jurisdiction to adjudicate the issue of child support for the parties' disabled adult son, thus rendering its child support orders void and unenforceable;
2. Whether the trial court lacked subject matter jurisdiction to consider Mother's petition pursuant to the UCCJEA because she and James have resided in Georgia since 2007

and lack significant connections to the State of Tennessee;

3.       Whether the evidence supports the trial court's findings that James resides with Mother and is dependent upon her;

4.       Whether the evidence supports the trial court's finding that Mother is not underemployed; and

5.       Whether the evidence supports the trial court's finding that Father owed a child support arrearage.

Because we find that the divorce court lacked subject matter jurisdiction to order Father to pay child support for James, we vacate the judgment of the chancery court in part and remand for further proceedings. The other issues presented for review on appeal are pretermitted.

### III. DISCUSSION

"'The concept of subject matter jurisdiction implicates a court's authority to hear and decide a particular type of case.'" *State ex rel. Whitley v. Lewis*, 244 S.W.3d 824, 830 (Tenn. Ct. App. 2007) (quoting *White v. State ex rel. Armstrong*, No. M1999-00713-COA-R3-CV, 2001 WL 134601, at *2 (Tenn. Ct. App. Feb.16, 2001)). "A court must have subject matter jurisdiction over a matter for the matter to be adjudicated." *Tenn. Envtl. Council v. Water Quality Control Bd.*, 250 S.W.3d 44, 55 (Tenn. Ct. App. 2007) (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Cashion v. Robertson*, 955 S.W.2d 60, 63 (Tenn. Ct. App. 1997)). In the absence of subject matter jurisdiction, a court's order is not valid or enforceable. *Whitley*, 244 S.W.3d at 830.

Tennessee courts derive their subject matter jurisdiction from the state constitution or from legislative acts. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004). Whether subject matter jurisdiction exists in a particular case depends upon the nature of the cause of action and the relief sought. *Benson v. Herbst*, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). Therefore, when a court's subject matter jurisdiction is challenged, the first step is to ascertain the gravamen or nature of the case, and then we must determine whether the Tennessee Constitution or the General Assembly has conferred on the court the power to adjudicate cases of that sort. *Id.* "Courts may not exercise jurisdictional powers that have not been conferred on them directly or by necessary implication." *Osborn*, 127 S.W.3d at 739 (citing *First Am. Trust Co. v. Franklin–Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001); *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999)). "'[W]hen an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal.'" *Id.* at 741 (quoting *Dishmon*, 15 S.W.3d at 480).

In the case before us, Father argues on appeal that the divorce court lacked subject matter jurisdiction to adjudicate the issue of child support for the parties' disabled adult son because James was already eighteen years of age when Mother filed her complaint for divorce seeking such support. Our resolution of this issue requires us to consider Tennessee Code Annotated section 36-5-101(k), which, at the time of the parties' divorce proceedings in 2005 and 2006,[1] provided:

> (k)(1) Except as provided in subdivision (k)(2), the court may *continue* child support beyond a child's minority for the benefit of a child who is handicapped or disabled, as defined by the Americans with Disabilities Act, until such child reaches twenty-one (21) years of age.
>
> (2) Provided, that such age limitation shall not apply if such child is severely disabled and living under the care and supervision of a parent and the court determines that it is in the child's best interest to remain under such care and supervision and the obligor is financially able to continue to pay child support. In such cases, the court may require the obligor to *continue* to pay child support for such period as it deems in the best interest of the child.
>
> (3) In so doing, the court may use the child support guidelines.

(emphasis added). Father argues that according to this Court's interpretation of the aforementioned statute in ***In re Conservatorship of Jones***, No. M2004-00173-COA-R3-CV, 2004 WL 2973752 (Tenn. Ct. App. W.S. Dec. 22, 2004), the trial court lacked subject matter jurisdiction to order him to pay child support for James.[2] We agree with Father's assertion.

In ***Jones***, the mother and father had two severely disabled sons who were already

<hr />

[1] Section 36-5-101 was amended and rewritten, effective July 1, 2005, and the subsection at issue in this appeal was designated subsection (k), where it had formerly been designated subsection (p). 2005 Tenn. Laws Pub. Ch. 287. However, the language of the subsection remained the same.

[2] There is nothing in the record to indicate that Father presented this argument before the trial court. Although Father did argue that the trial court lacked subject matter jurisdiction to modify the award pursuant to the UCCJEA, due to the fact that Mother and James reside in Georgia, it does not appear that he raised the issue of whether subject matter jurisdiction existed pursuant to Tennessee Code Annotated section 36-5-101(k) and the ***Jones*** case. Nevertheless, we must consider the issue because "'the issue of subject-matter jurisdiction can be raised in any court at any time.'" ***Freeman v. CSX Transp., Inc.***, No. M2009-02403-COA-R3-CV, --- S.W.3d ---, 2010 WL 4366080, at *3 (Tenn. Ct. App. Nov. 3, 2010) (quoting *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn. Ct. App. 1988)). "[T]he lack of subject matter jurisdiction 'is so fundamental that it requires dismissal whenever it is raised and demonstrated' even if raised for the first time on appeal." ***Id.*** (quoting *First Am. Trust Co.*, 59 S.W.3d at 141).

beyond the age of eighteen when the mother filed a petition for divorce. 2004 WL 2973752, at *1-2. The final decree of divorce required the mother to pay child support for the adult disabled sons, and the mother did not appeal the divorce decree. *Id.* at *2. However, after several months, she filed a Rule 60 motion seeking to have the divorce decree set aside on the basis that the divorce court lacked subject matter jurisdiction to order child support for the adult disabled sons. *Id.* The mother contended that the divorce court's order should be vacated and that the father should be required to return to her the child support that she had paid pursuant to the order. *Id.* In response, the father argued that the divorce court had jurisdiction to order child support for an adult disabled child pursuant to Tennessee Code Annotated section 36-5-101(p) (which is now subsection (k)). *Id.* The trial court concluded that it did in fact lack jurisdiction. *Id.* at *3. On appeal, this Court first looked to the plain language of section 36-5-101(p), which provided that, for a severely disabled child, "'the court may *continue* child support beyond a child's minority'" so long as continuing that support is in the best interest of the child. *Id.* at *5 (quoting Tenn. Code Ann. § 36-5-101(p)(1), (2)) (emphasis in *Jones*). In the case before it, "of course, there was no child support order in place when the parties' sons reached majority, and therefore there was no child support order to 'continue.'" *Id.* We then found it necessary to decide "whether the statute authorizes a trial court in a divorce case to order support for a child who turned eighteen years old before the divorce action was filed." *Id.* After an extensive review of the law regarding a parent's duty to support adult disabled children, we concluded that "whether section 36-5-101(p)(2) provides the statutory authority necessary for a divorce court to enter an order requiring a noncustodial parent to pay child support indefinitely for an adult disabled child, where there was no child support order entered during the child's minority, [was] an issue of first impression in Tennessee." *Id.* at *11. We ultimately concluded that the statutory language conferring jurisdiction on a trial court to "*continue* child support" for a severely disabled child beyond minority authorizes a trial court "to do so only where there was in existence a child support order that was entered when the child was a minor, or as a modification of a child support order that was valid when it was entered." *Id.* In other words, we decided, "a trial court has the authority to 'continue child support' for a severely disabled child only where an order awarding support was entered when the child was a minor, or as a modification of any other valid child support order." *Id.* at *13. Because in *Jones* the parties' disabled sons had turned eighteen before the divorce petition was filed, we concluded that the divorce court was without jurisdiction to order the father to pay child support.[3] *Id.* The divorce court's order requiring the payment of child support was therefore void for lack of subject matter jurisdiction and deemed a nullity and unenforceable. *Id.* at *13-14.

---

[3] We went on to conclude that the issue of financial support for the parties' disabled adult sons could be addressed by the probate court in the context of conservatorship proceedings. *Jones*, 2004 WL 2973752, at *14.

In sum, under Tennessee Code Annotated section 36-5-101(k), as it existed at the time of the divorce proceedings in this case, "a court's authority to make an initial award of support for a disabled child [was] limited." *Sizemore v. Sizemore*, Nos. E2005-01166-COA-R3-CV, E2006-01456-COA-R3-CV, 2007 WL 2198358, at *10 (Tenn. Ct. App. July 30, 2007). "The authority to make an initial award cease[d] to exist in the absence of the invocation of a court's jurisdiction before the child reache[d] the age of 18[.]" *Id.*

In the case at bar, James had already reached the age of eighteen before Mother filed her divorce petition and before the divorce court ordered Father to pay child support for James. Based upon the reasoning of *Jones*, we therefore conclude that the divorce court lacked subject matter jurisdiction to adjudicate the issue of child support for James, and the court's order requiring Father to pay such support was void and unenforceable. Accordingly, the court's order is vacated insofar as it requires Father to pay child support for James.[4] *See Osborn*, 127 S.W.3d at 741 (stating that "[w]hen an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal").

We note that after the *Jones* case was decided in 2004, Tennessee Code Annotated section 36-5-101(k) was amended, effective July 1, 2008, to contain the following addition, which we have italicized:

(k)(1) Except as provided in subdivision (k)(2), the court may continue child support beyond a child's minority for the benefit of a child who is handicapped or disabled, as defined by the Americans with Disabilities Act, until such child reaches twenty-one (21) years of age.

(2) Provided, that such age limitation shall not apply if such child is severely disabled and living under the care and supervision of a parent, and the court determines that it is in the child's best interest to remain under such care and supervision and that the obligor is financially able to continue to pay child support. In such cases, the court may require the obligor to continue to pay child support for such period as it deems in the best interest of the child; *provided, however, that, if the severely disabled child living with a parent was disabled prior to this child attaining eighteen (18) years of age and if the child remains severely disabled at the time of entry of a final decree of divorce or*

---

[4] In Father's brief on appeal, he stated that Mother should be ordered to repay him for the total amount of child support for James that he paid to Mother. At oral argument, however, Father's attorney stated that "because of the inequities" of this situation, "he's not asking for any of his money back." Therefore, we will not consider the issue of reimbursement.

*legal separation, then the court may order child support regardless of the age of the child at the time of entry of the decree.*

(3) In so doing, the court may use the child support guidelines.

(emphasis added).[5] Despite the 2008 amendment, however, the trial court lacked jurisdiction to adjudicate the issue of child support for James when it entered its 2006 order setting such support. "[A] basic rule of statutory construction provides that statutes are to be applied prospectively, unless the legislature clearly indicates to the contrary." **Shell v. State**, 893 S.W.2d 416, 419 (Tenn. 1995) (citing *Woods v. TRW, Inc.*, 557 S.W.2d 274, 275 (Tenn. 1977); *United Inter-Mountain Tel. Co. v. Moyers*, 221 Tenn. 246, 426 S.W.2d 177, 181 (1968); *Menefee Crushed Stone Co. v. Taylor*, 760 S.W.2d 223, 226 (Tenn. Ct. App. 1988)). The legislature did not indicate a contrary intent in this circumstance, as the amendment simply provided that it would take effect on July 1, 2008. *See* 2008 Tenn. Laws Pub. Ch. 868. Consequently, we presume that the amendment operates prospectively. We also find that the 2008 amendment cannot be applied retroactively as merely a procedural or remedial statute. A procedural or remedial statute is one that does not affect the vested rights or liabilities of the parties, and, therefore, a statute that creates a new right of recovery or changes the amount of damages recoverable is not considered remedial. **Shell**, 893 S.W.2d at 419-20.

In sum, despite the 2008 amendment to Tennessee Code Annotated section 36-5-101(k), we conclude that the 2006 divorce decree was void to the extent that it required Father to pay child support for James. We likewise conclude that the 2010 order modifying the 2006 decree and increasing Father's child support obligation cannot be viewed in isolation as a valid child support order pursuant to the 2008 amendment. The 2010 order was based at least in part on the evidence presented at the 2006 proceedings and the findings stated in the 2006 divorce decree. Because the 2010 order was simply a continuation and modification of a void child support order, it must be vacated as well.

---

[5] Neither party's brief on appeal mentions this amendment.

## IV. CONCLUSION

For the aforementioned reasons, we vacate the orders of the chancery court to the extent that Father was required to pay child support for James, and we remand for further proceedings as may be necessary. Costs of this appeal are taxed to the appellee, Edith Nell Allen Shaw, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.