**GOLDSMITH'S DIVISION, FEDERATED DEPARTMENT STORES, INC.,**
Complainant-Appellee,

v.

**CITY OF MEMPHIS and John E. Lee, City Treasurer, Defendants-Appellants.**

Supreme Court of Tennessee.

Sept. 5, 1972.

James M. Manire, City Atty., Myron A. Halle, Jr., Asst. City Atty., Memphis, for appellants.

Benjamin Goodman, Thomas R. Prewitt, Memphis, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, of counsel, for appellee.

## OPINION

ERBY L. JENKINS, Special Justice.

The complainant, Goldsmith's Division, Federated Department Stores, Inc., is a Delaware corporation which in 1969 operated a department store in downtown Memphis on real estate which was assessed for real estate taxes by the City of Memphis and the County of Shelby.

The City Assessor assessed Goldsmith's property, consisting of eight parcels, at $1,977,000.00 for 1969 City real estate tax purposes, and the County Assessor assessed said property at an identical value for 1969 County real estate tax purposes. Both the City and County Assessors assessed said property on the basis of fifty (50%) percent of value as determined by them.

On May 23, 1969, Goldsmith's was afforded a full hearing before the two Boards of Equalization, which met jointly, but which separately considered Goldsmith's petitions and assessed Goldsmith's property at the same values at which they had been assessed by the City and County Assessors.

After being notified in writing of the Boards' decisions, Goldsmith's on or about June 13, 1969, filed petitions with the State Board of Equalization in which it appealed the County Board's assessment to the State Board. The petitions to the State Board of Equalization contained the following language:

"Taxpayer appeals both the Memphis City and Shelby County assessments which have been made at the county assessed value indicated above."

The record shows no other mention of an appeal of the city assessment.

The State Board, on the recommendation of its Hearing Officer, assessed Goldsmith's property at $1,575,000.00 for 1969 County tax purposes, a reduction of $402,000.00 from the assessment of same initially made by the County Assessor and approved by the County Board of Equalization. On November 19, 1969, the State Board of Equalization certified the corrected County assessment to officials of Shelby County. The State Board failed to take any action, assume any jurisdiction, or make any certification concerning the City assessment.

The City taxes were due September 1, 1969, but the final action of the State Board of Equalization was not taken until November 19, 1969. At that time, Goldsmith's demanded that the City adjust the City assessment as determined by the City Board of Equalization, by reducing it to a value equal to Goldsmith's County assessment as determined by the State Board of Equalization. The City refused to do so, and insisted that Goldsmith's pay the City taxes, with interest and penalties, based upon the City assessment made by the City Board.

Goldsmith's on November 24, 1969, paid under protest the City taxes, with interest and penalties, demanded by the City. If the City assessment of Goldsmith's property had been the same as the revised County assessment of the same, the City taxes payable by Goldsmith's, exclusive of interest and penalties, would have been $8,602.80 less than the $42,307.80 in City taxes it actually paid.

On December 8, 1969, Goldsmith's filed in the Chancery Court of Shelby County, Tennessee, an original bill against the City of Memphis and its Treasurer, John E. Lee, for the recovery, with interest from November 24, 1969, of $8,602.80 in tax and $1,269.24 in interest and penalties allegedly wrongfully collected from Goldsmith's.

The trial court made no written findings of fact or conclusions of law, and rendered no written opinion. On March 23, 1971, the trial court entered its final decree in the cause, wherein it awarded a recovery to Goldsmith's of the amount sought in its original bill, $8,860.87 together with interest of $707.65.

The issue for this Court is whether a decision by the Memphis Board of Equalization is reviewable by the State Board of Equalization and whether the city would be bound by a finding of "value" by the State Board.

Section 803 of the Charter of the City of Memphis (Private Acts 1921, Ch. 112, Sec. 1) provides for appeals to the Memphis Board of Equalization:

"The owner, or any person beneficially interested in any property assessed by such municipality, or the municipality itself, acting through any officer concerned in the assessment, levy or collection of taxes, may object or complain of such assessment as made by the Tax Assessor, and shall have the right to appeal from the returns made by said Tax Assessor to the Board of Equalization, which shall proceed to review such assessment, and the revision of such assessment, either upwards or downwards, as may be determined upon by the Board of Equalization, shall be final."

Section 38–32 of the Memphis Code provides:

"When the board of equalization has determined the matters of equalization and values before it and within its jurisdiction, such action shall be final. (Code 1949, § 401)"

Thus, the Memphis Charter and Code provide that the decision of the Memphis Board of Equalization shall be final. This Court has said:

"The action of the Board of Equalization is made final by the governing statute, and it is too well settled for discussion that no right of review by certiorari exists, unless it be shown that the Board has exceeded its jurisdiction, or acted illegally, or fraudulently. It appears from the petition that petitioner was given a hearing before the Board and that all the facts set out in the petition as to the sale at which petitioner purchased were submitted to the Board. Petitioner thus had its day in the Court fixed by law." Treadwell Realty Co. v. City of Memphis, 173 Tenn. 168, 116 S.W.2d 997 (1937).

On facts somewhat similar, this Court said in W. J. Savage Co. v. City of Knoxville, 167 Tenn. 642, 72 S.W.2d 1057 (1933):

"As said in the cases, value is a matter of opinion, and the opinion of the courts is not likely to be any better than the opinion of tribunals specially created to fix property values. It is competent for the Legislature to provide that the findings of such tribunals shall be final so long as they act within their jurisdiction, observe statutory requirements, and there is no fraud."

■ The Tennessee Legislature has the power to provide that the decisions of municipal boards of equalization on matters

of valuation are final. The City of Memphis was granted such power and exercised such power under its charter and code.

◼◼ The Appellee contends since the passage of Chapter 325, Public Acts of 1967, incorporated in T.C.A. § 67–605, all assessments made by the City of Memphis are subject to the State Board's jurisdiction and control. The repealing clause of Chapter 325 states:

"An act with respect to the assessment of property for taxation and to repeal all statutes inconsistent herewith, including but not limited to Tennessee Code Annotated, Section 67–605."

This Court applied this clause in Metropolitan Government of Nashville v. Hillsboro Land Co., 222 Tenn. 431, 436 S.W.2d 850 (1968), which held that repeals by implication are not favored, will be found only where there is manifest repugnance and irreconcilable conflict between statutes, and will not be found where any fair or reasonable construction will permit the statutes to stand together.

There is no manifest repugnance or irreconcilable conflict between Chapter 325 of the Public Acts of 1967 and Sec. 803 of the City of Memphis Charter. The earlier Charter provision (Private Acts 1921, Ch. 112, Sec. 1) expressly provides for a specific municipal agency to revise and equalize municipal assessments, and declares that its valuation decisions are final. The later general Act neither creates nor abolishes any agency for revising or equalizing assessments and says nothing whatever about the finality of such agencies' decisions. Chapter 325 of the Public Acts of 1967 did not repeal Sec. 803 of the City of Memphis Charter. Thus, the decision of the Memphis Board of Equalization was final in the absence of fraud, lack of jurisdiction, or failure to observe statutory requirements. The State Board of Equalization had no jurisdiction over the City of Memphis Board, and any finding of value by the State Board would not be controlling for purposes of the Memphis Board.

◼ The complainant-appellee, Goldsmith's, could not have the decision of the Memphis Board of Equalization reviewed by writ of certiorari to the Circuit or Chancery Courts of Shelby County, because it was not contended that the Board acted illegally, beyond its jurisdiction, or arbitrarily. Treadwell Realty Co. v. City of Memphis, 173 Tenn. 168, 116 S.W.2d 997 (1937).

The complainant-appellee filed suit in Chancery Court seeking relief under T.C.A. § 67–2313 which provides:

"Recovery of taxes and municipalities.— The provisions of §§ 67–2303—67–2308, inclusive, and of §§ 67–2310—67–2312, inclusive, shall apply to the recovery of all taxes collected by any of the municipalities of this state. In order to carry out the legislative intent that all of said sections, which now apply to the recovery of state taxes erroneously paid, be conformed to apply also to the recovery of taxes erroneously paid to municipalities, the following provisions are added:

The municipal officer collecting any municipal taxes paid under protest shall pay such revenue into the municipal treasury and at the time of payment, shall give notice to the mayor and board of commissioners or other governing body of such municipality that the same were paid under protest. If it be finally determined by any court having jurisdiction of any suit brought within thirty (30) days after such payment under protest against said municipality to recover such taxes that the same were wrongfully collected as not being due from the said party to the municipality, the municipality shall refund such taxes with such interest as the court may determine to be proper, not exceeding the legal rate, and shall pay the costs of the cause. The city attorney or other legal officer of such municipality shall conduct the defense of such suit."

■ The complainant-appellee contends that the tax was an illegal tax because it was based upon a value in excess of that fixed by the State Board of Equalization. Here the State Board did not have jurisdiction to review the finding of the Memphis Board, so the finding of value by the Memphis Board was final. Since the tax collected was based on the value determined by the Memphis Board, the tax was legal, and the appellee is not entitled to recover any of the taxes paid.

■ Review of the Memphis Board's finding of value is by certiorari where the board acted illegally, beyond its jurisdiction, or arbitrarily. A court acting under T.C.A. § 67–2313 cannot review the finding of value by the Memphis Board of Equalization. The legislature has provided for a separate body to establish and review property values for property tax purposes. In Memphis, the Memphis Board of Equalization is that body, and a court acting under T.C.A. § 67–2313 does not have the power to review decisions of that body.

This Court does not need to determine the effect T.C.A. § 67–317 (Public Act 1967, Ch. 328, Sec. 7) will have when it becomes effective.

The decision of the Chancery Court is reversed.

DYER, C. J., and CRESON and Mc-CANLESS, JJ., concur.

HUMPHREYS, J., dissenting.

HUMPHREYS, Justice (dissenting).

I dissent. Section 67–821 T.C.A. provides:

"*Right of complaint to state board of equalization.*—*Any taxpayer, or any owner of property subject to taxation in the state,* shall have the right to a hearing and determination by the state board of equalization of any complaint he may make on the ground that other property than his own has been assessed at less than the actual cash value thereof, or at a less percentage of value than his own property or other property or that his own property has been assessed at more than its actual cash value, but such complaint shall be specific, in writing, and sworn to and filed with said board on or before August 1st of the year in which the appeal is prosecuted." (Emphasis added).

This statute is so plain it ought not to be ignored. To say it is limited to county appeals, is to deny effect to its language. Such being the case, manifestly the rights given by this section to every taxpayer, or owner of taxable property in the state cannot be abrogated by a charter provision of the City of Memphis; such a result would be clearly a suspension of general law in violation of Article 11, § 8, of our constitution.

Moreover, the application of this statute works for fairness and for equity between all taxpayers. There is no reason to deny to a City of Memphis taxpayer relief available to every other municipal taxpayer in Tennessee.

I would affirm the decree of the Chancery Court.