**HOOVER, INC., Plaintiff/Appellee,**

v.

**RUTHERFORD COUNTY, A Political Subdivision of the State of Tennessee; Ed Elam, County Court Clerk of Rutherford County, Tennessee; and Charles W. Burson, Attorney General, State of Tennessee, Defendants/Appellants.**

No. 01A01–9308–CH–00392.

Court of Appeals of Tennessee, Western Section, at Nashville.

March 25, 1994.

Application for Permission to Appeal Denied by Supreme Court June 27, 1994.

Mark S. Moore, Murfreesboro, Charles W. Burson, Atty. Gen. & Reporter, William E. Young, Sr. Counsel, Atty. General's Office, Nashville, for appellants.

Granville S.R. Bouldin, Murfreesboro, for appellee.

TOMLIN, Presiding Judge, W.S.

Hoover Incorporated ("plaintiff" or "Hoover") filed suit in the Chancery Court of Rutherford County against Rutherford County, County Court Clerk Ed Elam, and state Attorney General ("defendants" or "Rutherford County"), seeking to recover excess mineral severance taxes previously paid to Rutherford County.[1] Rutherford County and Elam each filed a motion to dismiss, alleging that Hoover had failed to pay the taxes under protest, as required by T.C.A. § 67–1–912. The trial court denied both motions. Thereafter, both that court and the middle section of this court granted an interlocutory appeal pursuant to Rule 9 of T.R.A.P. By order of this court, the issues to be considered on appeal were limited to the following: (1) whether the enactment of Public Acts 1986, Chapter 749, eliminated as a prerequisite to a suit against a county taxing authority for a refund of taxes, the requirement that the tax be paid under protest; and (2) assuming the enactment of Public Acts 1986, Chapter 749, did not eliminate the payment under protest requirement, whether any other basis exists for the chancery court's exercise of subject matter jurisdiction over this dispute. As the first issue is dispositive of this appeal, we do not reach the second. For the reasons hereinafter stated, we reverse the decree of the chancellor and dismiss Hoover's suit.

Hoover seeks a refund of the mineral severance taxes paid to the county for the tax years 1986–1992, totalling $1,839,930.26. A portion of the taxes of which Hoover seeks a refund were collected by the county pursuant to Chapter 111 of the 1983 Tennessee Private Acts, and a corresponding resolution enacted by the Rutherford County Commission ratifying the adoption of said act. Elam, the County Clerk of Rutherford County, is the county official responsible for the administration and collection of the severance tax.

Hoover's complaint does not allege that any of the aforesaid payments were made to the county under protest. Furthermore, Elam's affidavit states that the severance taxes paid by Hoover were not paid "under protest." In their motions to dismiss, defendants contended that Hoover failed to comply with the requirements of T.C.A. § 67–1–912 in its suit seeking a refund of taxes collected by Rutherford County. More specifically, defendants assert that plaintiff failed to pay the taxes under protest, and furthermore that it failed to file its suit for a refund within six months of the payment of said taxes.

T.C.A. § 67–1–912 was enacted in 1981 as an extension of the existing provisions of Part 9 of Title 67, labelled "Payment of Tax Under Protest." As originally enacted, Part 9 dealt with the payment and collection of revenue due the state. In its original form, T.C.A. § 67–1–901 provided that in order to be in a position to recover taxes conceived by the taxpayer to be unjust or illegal, the taxes must have been paid under protest.

Section 67–1–912 reads as follows:

**67–1–912. Provisions applicable to county taxes.**—(a) The provisions of §§ 67–1–901—67–1–905 and 67–1–908—67–1–910 apply to the recovery of all taxes collected by any of the counties of this state.

(b)(1) The county officer collecting any county taxes paid under protest shall pay

---

1. In addition, Hoover sought to permanently enjoin Rutherford County from assessing or collecting any severance taxes, as well as alleging that the Private Act under which the mineral severance tax was collected was unconstitutional. This last issue necessitated the inclusion of the state Attorney General. Neither of these issues are involved in this litigation.

revenue into the county treasury and, at the time of payment, shall give notice to the county executive and board of commissioners, or other governing body of a county, that the same were paid under protest.

(2) If it be finally determined by any court having jurisdiction of any suit brought within six (6) months after such payment under protest against the court to recover such taxes that the same were wrongfully collected, as not being due from a party to the county, the county shall refund such taxes with such interest as the court may determine to be proper, not exceeding the legal rate, and shall pay costs of the cause.

T.C.A. § 67–1–912 (1989).

Section 67–1–901 was amended in 1986 and 1987, wherein subsection (b) was added. This code section currently reads as follows:

**67–1–901.  Payment under protest, involuntarily or under duress.—**

(a) In all cases where not otherwise provided in which an officer, charged by law with the collection of revenue due the state, shall institute any proceeding, or take any steps for the collection of the sum alleged or claimed to be due by the officer from any citizen, the person against whom the proceeding or step is taken shall, if he conceives the same to be unjust or illegal, or against any statute or clause of the constitution of the state, pay the same under protest.

*(b) The provision of this section shall not apply to any tax collected or administered by the commissioner of revenue when such tax is paid on or after January 1, 1986.  Notwithstanding any other provision of law, it is the intent of the general assembly that it shall not be a condition precedent to any claim or suit for recovery of taxes collected or administered by the commissioner when such taxes were paid on or after January 1, 1986, that the same were paid under protest, involuntarily, or under duress.*

T.C.A. § 67–1–901 (1989) (emphasis added).

Hoover contends that when §§ 67–1–901 and 912 are read together, county taxpayers are relieved of the requirement of paying the taxes under protest in order to seek a refund of erroneously collected county taxes.

In denying defendants' motions to dismiss, the chancellor interpreted 67–1–901(b) to mean that the phrase "the Commissioner of Revenue" was and should be the same as "County Tax Collection Official."  In so doing, the chancellor stated:

It appears to this court that the suit may be maintained, and that the distinctions between taxes collected by the Commissioner of Revenue and those collected by a local tax official are artificial differences under the law. . . .

The chancellor also held that as for taxes paid after January 1, 1986, it is no longer necessary that suit be filed within six months after payment, as provided by § 67–1–912.

In *Lebanon Liquors, Inc. v. City of Lebanon,* 885 S.W.2d 63 (Tenn.App.1994), this court addressed the same issue presented in the case *sub judice,* except that it dealt with the effect of the provisions of T.C.A. § 67–1–901 on T.C.A. § 67–1–911, pertaining to municipal taxes, rather than county taxes.  In *Lebanon Liquors,* certain liquor stores sought a refund of inspection fees collected by the city pursuant to T.C.A. §§ 57–3–501 and 57–3–502.  The city contended that plaintiffs were ineligible to seek a refund because they had failed to pay their taxes under protest.  The trial court disagreed, and awarded plaintiffs a refund of the excessive fees paid to the City.

On appeal, this court dismissed plaintiffs' claim, stating:

Plaintiffs argue that T.C.A. § 67–1–901(b) relieves the requirement of payment under protest as a condition precedent to the recovery of taxes to a municipality, by virtue of the language of T.C.A. § 67–1–911(a) which states that "[t]he provisions of §§ 67–1–901 . . . apply to the recovery of all taxes collected by any of the municipalities of this state."  The legislature added T.C.A. § 67–1–901(b) in 1986 relieving the requirement of payment under protest for taxes due or collected *by the State.*  However, no effort was made by the legislature to amend the specific provisions of T.C.A. § 67–1–911(b) which explicitly requires payment under protest *to a municipality.*

We are therefore of the opinion that unless plaintiffs' payments of the inspection fees were found to be involuntarily made, such are not recoverable.

*Id.* at 66.

The principles and the reasoning which we applied in *Lebanon Liquors* are equally applicable to the case under consideration. Hoover in essence has conceded that the payments which it now seeks to recover were not made under protest. Hoover has also acknowledged that its only stated cause of action is under T.C.A. §§ 67–1–901 and 67–1–912. In light of our holding that the payments by Hoover were not made under protest, we pretermit the issue of whether suit was timely filed.

Accordingly, the decree of the chancellor denying defendants' motions to dismiss is reversed. Hoover's suit against all defendants is dismissed. Costs in this cause on appeal are taxed to plaintiff, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.