**FILED**

**December 18, 2001**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT NASHVILLE**



| | | |
|---|---|---|
| **KENTUCKY-TENNESSEE CLAY COMPANY,** | ) | |
| | ) | |
| Plaintiff/Appellee | ) | Davidson Chancery No. 93-2669-III |
| | ) | |
| VS. | ) | Appeal No. 01A01-9508-CH-00347 |
| | ) | |
| **JOE HUDDLESTON, COMMR. OF REVENUE, STATE OF TENNESSEE** | ) | |
| | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE
THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

**CHARLES W. BURSON**
**Attorney General and Reporter**

**SEAN P. SCALLY**
**Assistant Attorney General**
Nashville, Tennessee
Attorney for Appellant

**H. ROWAN LEATHERS, III**
**MANIER, HEROD, HOLLABAUGH & SMITH**
Nashville, Tennessee
Attorney for Appellee

**RICHARD L. DUNLAP, III**
**THE DUNLAP LAW FIRM**
Paris, Tennessee
Attorney for Appellee

**REVERSED**

**ALAN E. HIGHERS, JUDGE**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**WILLIAM H. WILLIAMS, SR. J.**

    In this case, we are presented with the issue of whether a private act is invalid as

being in conflict with the general law addressing the same subject.

The Commissioner of Revenue for the State of Tennessee, Joe B. Huddleston, ("Commissioner") assessed mineral severance taxes against Plaintiff, Kentucky-Tennessee Clay Co., pursuant to a 1991 private act authorizing such taxes in the Bradford Special School District. Following a hearing, the trial court granted summary judgment in favor of Plaintiff, holding that the private act had been repealed by the general law. It is from this judgment that the Commissioner appeals. For the reasons stated herein, we reverse the trial court's judgment.

Plaintiff is a corporation engaged in the business of mining and processing clay. On January 6, 1992, the Commissioner assessed mineral severance taxes against Plaintiff in the amount of $5,143.84, plus interest, pursuant to the authority of Chapter 137 of the Private Acts of 1991. Private Chapter 137 provides in part:

> Section 1. A severance tax is hereby levied in the Bradford Special School District on sand, gravel, clay, and all other minerals that are severed from the earth for private commercial purposes...However, the tax levied by this act shall not apply to minerals severed and taxed by the county in which the Bradford Special School District is located pursuant to the provisions of general law...

At the hearing on the matter, Plaintiff attacked the validity of Private Chapter 137 on two bases. First, Plaintiff asserted that the Act directly conflicts with T.C.A. § 67-7-201 et seq. and was, therefore, repealed by T.C.A. § 67-7-209. Additionally, Plaintiff argued that the Act was unconstitutional pursuant to Article 11, Sec. 8 of the Tennessee Constitution.[1]

The relevant statutes establishing the general law on mineral severance taxes

---

[1]Article XI, Section 8 of the Tennessee Constitution provides:

> General Laws only to be passed. The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie [immunities] or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law.

provide as follows:

> 67-7-201. Tax authorized - Use and benefit - Allocation.--(a) Any county legislative body by resolution is authorized to levy a tax on all sand, gravel, sandstone, chert and limestone severed from the ground within its jurisdiction. The tax shall be levied for the use and benefit of the county only, to be allocated and applied to its county road fund, and all revenues collected from the tax except deductions for administration and collection provided for herein, shall be allocated to the county.

T.C.A. § 67-7-201 (Supp. 1995).

> 67-7-209. Conflicting private or local acts.-- Any private or local acts in conflict herewith are hereby repealed except as for those purposes set forth in Section 67-7-210 (repealed).

T.C.A. § 67-7-209 (1993).

The trial court held that Private Chapter 137 was repealed by T.C.A. § 67-7-209. Accordingly, summary judgment was entered in favor of Plaintiff.

The Commissioner has appealed from this judgment and has presented to this Court several arguments in support of his position that Private Chapter 137 was not repealed. The Commissioner first contends that Private Chapter 137 does not conflict with the general law because the general law taxes the minerals themselves, while Private Chapter 137 taxes the privilege of severing minerals from the ground. Next, the Commissioner argues that the general law does not tax clay, and, therefore, there is no conflict. Finally, the Commissioner argues that Private Chapter 137 provides that no tax shall be levied on minerals if that mineral is taxed pursuant to the provisions of general law. According to the Commissioner, this provision alleviates any conflict between the general law and Private Chapter 137.

In contrast, Plaintiff contends that there exists a conflict on the face of the laws because many of the minerals that are taxed pursuant to Private Chapter 137 are also subject to tax pursuant to T.C.A. § 67-7-201. Furthermore, according to Plaintiff, the general law codified at T.C.A. § 67-7-201 et seq., provides the exclusive means through which a mineral severance tax may be levied, and a private act may not impinge upon those means. Finally, Plaintiff argues that Private Chapter 137 is unconstitutional because

3

the legislature may not pass any law that is inconsistent with the general law. *Tennessee Constitution, Article XI, Sec. 8.*

We will address only one of the Commissioner's contentions because, as explained below, we find it to be dispositive of this case. The Commissioner contends that there is no conflict between Private Chapter 137 and the general law because the General Assembly took express action in Private Chapter 137 to remedy any potential conflict by providing that minerals that are taxed under the general law are not subject to tax under the Private Act. The Commissioner's argument proceeds as follows:

> Indeed, the Legislature in enacting Chapter 137 sought to ensure that no minerals taxed by the general law would be taxed by Chapter 137 by expressly providing that the tax levied in the Bradford Special School District shall not apply to 'minerals severed and taxed by the county in which the Bradford Special School District is located pursuant to the provisions of general law.' Thus, it is impossible to perceive any conflict between Chapter 137 and the general law of this State.

Plaintiff argues that the clause in Private Chapter 137, which provides that the tax does not apply to minerals taxed by the county pursuant to general law, does not serve to rectify the apparent conflict between the two acts. Plaintiff concedes that Private Chapter 137 does not purport to tax minerals if those minerals are taxed by the county pursuant to the authority of T.C.A. § 67-7-201 et seq. According to Plaintiff, however, the counties have the power to decide whether minerals will be taxed under Private Chapter 137. Consequently, the provision in Private Chapter 137 excepting a tax on minerals when the minerals are taxed pursuant to general law is an unconstitutional delegation of legislative power.

This argument is unpersuasive. It is true that "[t]he power to make laws is conferred upon the legislative branch of government and that power 'cannot be delegated by that department to any other body or authority.'" Menefee Crushed Stone Co. v. Taylor, 760 S.W. 2d 223, 227 (Tenn. App. 1988).

However, cases holding that there has been an unconstitutional delegation of

4

legislative authority generally address situations where the legislature has left it up to the counties or to popular vote as to whether the law will take effect. In fact, both of the cases upon which Plaintiff relies are inapposite for this reason. In Gibson County Special School District v. Palmer, 691 S.W. 2d 544 (Tenn. 1985), a private act levied a property tax, but the act was not to go into effect until approved by a majority of voters. Id. at 546. The Tennessee Supreme Court held that the Private Act was an unconstitutional delegation of legislative authority because the law did not become effective unless a majority of voters approved the act. Id. at 548. Gibson is clearly distinguishable from the present case. In this case, the tax went into effect and was complete upon leaving the hands of the legislature. The act did not derive its efficacy from a popular vote, nor did it delegate to the school district the authority to tax. Here, the legislature established and levied a tax in a special school district. This action is clearly permissible as the legislature is expressly authorized to tax within a special school district. See, T.C.A. § 549-2-107; Gibson County Special Sch. Dist., 691 S.W. 2d at 547.

The second case cited by Plaintiff is Williamson v. McClain, 147 Tenn. 491, 249 S.W. 811 (1923). In Williamson, the private act under attack delegated authority to the board of commissioners to levy a tax. Id. at 812. The Court held that this was an unconstitutional delegation of legislative power. Id. at 813. As previously mentioned, however, the General Assembly did not delegate the authority to tax to anyone in the present case. The tax was clearly promulgated by the General Assembly and was complete as written.

We commence our legal evaluation of the Commissioner's argument by iterating several well-established principles of law. The cardinal rule in interpreting legislative acts is that courts endeavor to ascertain and give effect to the intent of the General Assembly. Marion County Bd. of Comm'rs. v. Marion County Election Comm'n., 594 S. W. 2d 681, 685 (Tenn. 1980). In order to ascertain legislative intent, a court should initially evaluate the natural and ordinary meaning of the language of the statute. Azbill v. Azbill, 661 S.W. 2d 682, 686 (Tenn. App. 1983). Where the language of the statute is plain, clear, and

5

unambiguous, the statue will be given full effect without need to resort to rules of construction. Gabel v. Lerma, 812 S.W. 2d 580, 582 (Tenn. App. 1990).

We agree with the Commissioner that the legislature's intent in enacting Private Chapter 137 was to impose taxes only on those minerals that are not taxed under the general law. Furthermore, as noted recently by this Court in Nolichuckey Sand Co. v. Huddleston, 896 S.W. 2d 782 (Tenn. App. 1994), "[T]he legislature has made its support for a mineral severance tax abundantly clear." Id. at 791.

In addition to the initial inquiry as to legislative intent, we are guided by established principles applicable to cases where there is an alleged conflict between two legislative acts. Although private acts are superseded as far as necessary in order to give effect to a general statutory scheme of statewide applicability, Strader v. Word, 508 S.W. 2d 539, 547 (Tenn. 1974), if by a reasonable construction, two acts can stand together, there is no implied repeal. A repeal will only occur where there is an act with terms and operation that cannot be harmonized with an earlier act. Jenkins v. Loudon County, 736 S.W. 2d 603, 607 (Tenn. 1987). Repeals are not favored by the law and will be found "only where there is manifest repugnance and irreconcilable conflict between statutes, and will not be found where any fair or reasonable construction will permit the statutes to stand together." Goldsmith's Division, Federated Dept. Stores, Inc. v. City of Memphis, 484 S.W. 2d 538, 541 (Tenn. 1972). It is this Court's duty to reconcile conflicting provisions to give them a consistent meaning and harmonize the purposes of each. Dingman v. Harvell, 814 S.W. 2d 362, 366 (Tenn. App. 1991).

In the present case, there is no manifest repugnance or irreconcilable conflict between Private Chapter 137 and T.C.A. § 67-7-201 et seq., because taxes may not be assessed under the private act when the counties in which the special school district is located levy taxes on the minerals.

We further note that there exists a strong presumption that an act promulgated by

the legislature is valid. <u>Board of Education of Memphis City Schools v. Shelby County</u>, 339 S.W. 2d 569, 575 (Tenn. 1960). The legislature was presumed to know that the general law and the private act at bar addressed the same subject matter. <u>Trotter v. City of Maryville</u>, 235 S.W. 2d 13, 18 (Tenn. 1950). In Private Chapter 137, the legislature expressly exempted from taxation those minerals that are taxed under the general law. An exception generally delineates the extent of the general provision and this Court is not at liberty to diminish an express exception. <u>Perry v. Sevier County Beer Comm'n</u>, 181 Tenn. 696, 184 S.W.2d 32, 34 (1944).

Special legislation that affects particular counties or municipalities in their governmental or political capacities may properly be enacted without violating Article XI, Section 8 of the Constitution, as long as the special act is not contrary to the provisions of the general law. <u>Town of Arlington v. Shelby County Election Comm'n</u>, 352 S.W. 2d 809, 813 (Tenn. 1961). It is our opinion that nothing appears on the face of Private Chapter 137 to conflict with the provisions of general law addressing the same subject matter.

After due consideration, we are persuaded that Private Chapter 137 is constitutional and was not repealed by the general law. We therefore reverse the decree of the trial judge and hold that the mineral severance tax may properly be levied against Plaintiff. Costs on appeal are taxed to the Plaintiff.

_____
HIGHERS, J.

CONCUR:


_____
FARMER, J.


_____
WILLIAMS, SR. J.