IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 25, 2005 Session Heard at Cookeville[1]


**STATE OF TENNESSEE v. STANLEY RAY DAVIS
IN RE: RAY D. DRIVER d/b/a DRIVER BAIL BONDS**


**Appeal by permission from the Court of Criminal Appeals
Criminal Court for Campbell County
No. 11461     E. Shayne Sexton, Judge**

---

**No. E2003-00765-SC-R11-CD - Filed September 29, 2005**

---


We granted the applications of the State and Ray Driver d/b/a Driver Bail Bonds pursuant to Tennessee Rule of Appellate Procedure 11 in order to determine whether the imposition of sentence upon Stanley Ray Davis, the defendant, effectively terminated Driver's obligations under an appearance bond, and whether Driver is liable for the payment of the fine and costs assessed against the defendant.

Although the issue was contested in the Court of Criminal Appeals, in its brief and oral argument to this Court, the State concedes that Driver's obligation to secure the defendant's appearance terminated upon imposition of sentence upon him and entry of judgment. We hold that Driver's obligation terminated upon Davis' sentencing and reverse the decision of the Court of Criminal Appeals and remand the case to the Criminal Court for Campbell County for further orders in aid of this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals
Reversed and Case Remanded to the Criminal Court for Campbell County**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Joel H. Moseley, Sr., and Joel H. Moseley, Jr., Nashville, Tennessee, for the appellant, Ray D. Driver d/b/a/ Driver Bail Bonds.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; John H.

---

[1]This case was heard as part of the May 25, 2005, S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project in Cookeville, Putnam County, Tennessee.

Bledsoe, Assistant Attorney General; William Paul Phillips, District Attorney General; and Michael O. Ripley, Assistant District Attorney General, for the appellee, State of Tennessee.

## Opinion

### I. Facts and Procedural History

Stanley Ray Davis was indicted by a Campbell County grand jury for driving while under the influence of an intoxicant and driving on a suspended license. See Tenn. Code Ann. § 55-10-401 (2004); §55-50-504 (2004). The magistrate set an appearance bond in the amount of $1,750, which was undertaken by Ray Driver d/b/a Driver Bail Bonds (hereinafter "Driver") on December 2, 2001.

The defendant appeared in General Sessions Court on December 10, 2001, and entered a plea of guilty to driving while under the influence of an intoxicant; the General Sessions Court imposed a $350 fine and sentenced him to eleven months twenty-nine days in jail–two days to serve and the rest suspended. The court also ordered the defendant to pay fine and costs prior to his probation hearing, set for March 11, 2002.

The defendant served his two-day sentence but failed to pay his fine and costs. He also failed to appear for the probation hearing on March 11, 2002. Because of his failure to appear, the General Sessions Court entered a conditional forfeiture against Driver on March 20, 2002, and a scire facias[2] was served on Driver on March 25, 2002, requiring the defendant to appear on September 17, 2002.

In Driver's answer to the scire facias, Driver contended that because a sentence had been imposed and judgment entered in the case, he had been discharged of his responsibility pursuant to Tennessee Code Annotated section 40-11-138(b) (2003). The State maintained, however, that pursuant to Tennessee Code Annotated section 40-11-130 (2003), the court had discretion to determine whether the bond would remain in effect or whether to release Driver from his obligation. In the "Waiver of Grand Jury Indictment and Jury Trial and Request for Acceptance of Guilty Plea," the General Sessions Judge marked the box indicating "the defendant and his/her sureties shall remain obligated under the present bail for future court appearances." This marked box, the State argued, was sufficient to extend Driver's liability.

At the final forfeiture hearing on November 15, 2002, while the defendant remained a fugitive, the General Sessions Court entered a final forfeiture against Driver and ordered him to pay $570 instead of the bond's face amount of $1,750. The State and Driver appealed the decision of the General Sessions Court to the Criminal Court de novo, pursuant to Tennessee Code Annotated

---

[2]Scire facias is defined as " a writ requiring the person against whom it is issued to appear and to show cause why some matter of record should not be annulled or vacated, or why a dormant judgment against that person should not be revived." Black's Law Dictionary 624 (2nd pocket ed. 2001).

section 27-5-108 (2000 & Supp. 2004).[3] The State asserted that the company remained obligated pursuant to Tennessee Code Annotated section 40-11-130 and that it should be ordered to pay the full amount of the bond. Driver, on the other hand, contended that he had been relieved of all of his obligations pursuant to Tennessee Code Annotated section 40-11-138(b). The Criminal Court agreed that Driver was still obligated under the bond and ordered him to pay $570.

Both Driver and the State appealed as of right to the Court of Criminal Appeals, each reiterating the argument made in the trial court. The Court of Criminal Appeals addressed the apparent conflict between Tennessee Code Annotated sections 40-11-130 and 40-11-138(b). It followed the rule of statutory construction that the inconsistent provisions of the older statute are repealed by the newer statute, and, accordingly, affirmed the judgment of the trial court.

Both Driver and the State sought appeal pursuant to Tennessee Rule of Appellate Procedure 11, and we granted both applications. In its brief and oral argument to this Court, the State conceded that Driver was released from his obligation after the disposition of the defendant's criminal charge.

## II. Standard of Review

Questions regarding statutory construction are reviewed de novo with no presumption of correctness to the lower courts' findings. State v. Denton, 149 S.W.3d 1, 17 (Tenn. 2004); State v. Walls, 62 S.W.3d 119, 121 (Tenn. 2001). This Court's duty is to ascertain and carry out the intent of the legislature without unduly expanding or restricting a statute's intended scope. State v. Jennings, 130 S.W.3d 43, 46 (Tenn. 2004) (citing Lavin v. Jordon, 16 S.W.3d 362, 365 (Tenn. 2000)).

## III. Analysis

We find that there is, apparently, a conflict between Tennessee Code Annotated sections 40-11-130 and 40-11-138. To clarify, both of these statutes govern the obligation and release of sureties and were originally codified together as part of the "The Release from Custody and Bail Reform Act of 1978." Tennessee Code Annotated section 40-11-130 allows the defendant to create a new bond, or, if the court deems the original bond "sufficient," to continue the original bond on the defendant. Section 40-11-130 provides:

> (b) If the defendant files a timely appeal with the court of criminal appeals, if the defendant is placed on pre-trial or post-plea diversion or community correction, fined or if the defendant's sentence is suspended and probation granted, the defendant shall be required to make a new bond or recognizance notwithstanding that the bond or recognizance executed in accordance with subsection (a) has not yet terminated,

---

[3]"Appeal from general sessions court. – (a) Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter . . . (c) Any appeal shall be heard de novo in the circuit court."

unless the trial judge, after examination of the original bond, sets out in a written order that such original bond is sufficient. The court shall use its discretion in determining whether the bond at issue should be changed. No presumption is otherwise intended to be raised in this section.

. . . .

(2) If the defendant is placed on pre-trial or post-plea diversion, community correction, fined or if the defendant's sentence is suspended and probation granted, the defendant shall be required to make such new bond or recognizance to the court granting such placement. Such new bond or recognizance may not terminate until the defendant has completed the period of court-ordered supervision or until the defendant's diversion, community correction or probation is revoked. If the defendant's diversion, community correction or probation is revoked, the bondsman may be required to surrender the defendant.

Tenn. Code Ann. § 40-11-130(b).

Tennessee Code Annotated section 40-11-138(b), however, releases the company from its obligation after the disposition of the case, including sentencing. It states,

In addition to any other provisions releasing sureties from their obligations, a bail bondsman or surety shall also be released from its obligation under a bail bond upon the disposition of the charge against the surety's principal. A disposition shall include, but shall not be necessarily limited to, conviction, acquittal, a plea of guilty, agreement with the state, whether designated diversion or otherwise, or retirement; provided, that where the disposition is a conviction or plea of guilty, the surety, unless relieved by the court, shall remain liable on the criminal appearance bond until the court renders the defendant's sentence.

Tenn. Code Ann. § 40-11-138(b).

When resolving statutory conflicts, this Court strives to give effect to the legislative intent and to adopt a reasonable construction of the statutes that avoids conflict, allowing for harmonious operation of the laws. Carver v. Citizen Utils. Co., 954 S.W.2d 34, 35 (Tenn. 1997) (citing Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995)); see also State v. Cauthern, 967 S.W.2d 726, 735 (Tenn. 1998). Statutes, "in pari materia," are to be read together, in order to advance their common purpose or intent. See Lyons v. Rasar, 872 S.W.2d 895, 897 (Tenn. 1994); see also In re Akins, 87 S.W.3d 488, 493 (Tenn. 2002); Cronin, 906 S.W.2d at 912. Additionally, the legislature is presumed to know its prior acts, so repeals by implication will only be found when the statutes cannot be construed together harmoniously. State v. Hicks, 55 S.W.3d 515, 523 (Tenn. 2001); State v. Martin, 146 S.W.3d 64, 73 (Tenn. Crim. App. 2004). Lastly, specific statutory language will control over general statutory language. Cauthern, 967 S.W.2d at 735.

The intermediate court found a conflict between the two statutes and held that part of Tennessee Code Annotated section 40-11-130 was repealed by implication. Tennessee Code Annotated section 40-11-130 allows the court to continue the original bond on the defendant while Tennessee Code Annotated section 40-11-138(b) releases a surety from its obligation after the disposition of the case.

Initially, we note that our state legislature has recently amended section 40-11-130 to better reconcile this statute with section 40-11-138. See Tenn. Code Ann. § 40-11-130 (2005) (eff. June 9, 2005).[4] Nevertheless, we must consider the statutes as they existed at the time of the final forfeiture.

Despite the conflict between Tennessee Code Annotated sections 40-11-130 and 40-11-138(b), the two statutes can be read together and reasonably construed so as to give effect to each. In construing the two statutory provisions together, we follow the rule of statutory construction which provides that a special act will prevail over a more general one. See Arnwine v. Union County Bd. of Educ., 120 S.W.3d 804, 809 (Tenn. 2003) (quoting Woodroof v. City of Nashville, 192 S.W.2d 1013, 1015 (Tenn. 1946)) ("Where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner should not be considered as intended to affect the more particular provision."); see also State v. Safley, 112 S.W.2d 831, 833 (Tenn. 1938). When two statutes seemingly address the matter in question, and one is special and particular and the other is general, then the general statute will be construed so as to operate on all the subjects introduced therein except the particular one which is the subject of the special provision.[5]

Reading the two statutes together, and applying the rules of statutory construction, the specific language of section 40-11-138(b) will prevail. Thus, a surety is released from his obligation on a bond upon disposition of the case, including sentencing. This holding is also in keeping with the principles of statutory construction and the common law liability of sureties.[6]

---

[4]Section(b)(1) of the amended statute provides:
> "If the defendant is placed on pre-trial, post-plea or judicial diversion, community correction, fined or if the defendant's sentence is suspended and probation granted, any such action shall constitute a disposition pursuant to § 40-11-138(b), the bond or recognizance is terminated, and the bondsman or other surety shall be released from their obligations."

[5]Safley, 112 S.W.2d at 833 (citing 2 Lewis' Suth. Stat. Const. (2nd Ed.) § 345):
> "Where there is a general provision applicable to a multitude of subjects, and also a provision which is particular and applicable to one of these subjects, and inconsistent with the general provision, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception and the general provision will be construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision."

[6]Under Tennessee precedent, a surety is released from obligation once a sentence has been pronounced. See Suggs v. State, 167 S.W. 122, 123 (Tenn. 1914).

Since we hold that Driver's obligation ended upon Davis' sentencing, the issue whether the trial court effectively forced the company to pay the defendant's fine and costs is moot.[7]

## IV. Conclusion

Because Driver's obligation ended upon disposition of Davis' case, we reverse the decision of the Court of Criminal Appeals. Accordingly, the cause is remanded to the trial court for further orders in aid of this opinion. The costs of this appeal are taxed to the State of Tennessee, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[7]See State v. Clements, 925 S.W.2d 224, 227 (Tenn. 1996) (Funds can only be attached to pay a defendant's fine and costs if it can be determined, objectively, that the surety "assented to this possibility, either by signing the document or by some subsequent act.") No indication exists in this record that the company intended to be bound for the defendant's fine and costs.