# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
February 21, 2008 Session

## LEE HAYES v. GIBSON COUNTY, TENNESSEE

**Direct Appeal from the Chancery Court for Gibson County**
**No. 18296      Roy B. Morgan, Judge Sitting by Interchange**

---

**No. W2007-01849-COA-R3-CV - Filed April 29, 2008**

---

This appeal arises from a declaratory judgment action in which Plaintiff sought a declaration of his rights under Tennessee Code Annotated § 8-24-102 as amended in 2001. Plaintiff asserted that the 2001 amendments to the general statute repealed by implication a 2000 private act establishing the compensation of the Gibson County Juvenile Court Clerk. The trial court determined the amendments to the statute superseded the private act, and that the salary for the juvenile court clerk should be established according to Tennessee Code Annotated § 8-24-102 as amended in 2001. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Floyd S. Flippin and Terri S. Crider, Humboldt, Tennessee, for the Appellant, Gibson County, Tennessee.

J. Mark Johnson, Trenton, Tennessee, for the appellee, Lee Hayes.

## OPINION

The facts giving rise to this lawsuit are undisputed. The General Assembly created the Gibson County Juvenile Court by Chapter 307 of the Private Acts of 1982. This 1982 private act provided that the county clerk would also serve as the juvenile court clerk. In 2000, however, the General Assembly amended the 1982 private act by Chapter 142 of the Private Acts of 2000, creating the office of Gibson County Juvenile Court Clerk. This 2000 private act ("the private act") is at the center of this controversy.

Section 4(d) of the private act provided that the juvenile court clerk would be elected in the August 2002 general election. Section 4(e) of the private act further provided that the Gibson

County Commission would appoint a clerk to serve from July 1, 2000, until the elected clerk took office on September 1, 2002. Further, although Tennessee Code Annotated § 8-24-102 as it existed in 2000[1] established the general salary levels for "various county officers," including juvenile court clerks, based on county population, the private act specifically established the compensation of the juvenile court clerk for Gibson County. Section 4(f) of the private act stated:

> The juvenile court clerk appointed and elected pursuant to the provisions of subsection (e) of this section shall receive compensation of thirty-two thousand dollars ($32,000) each fiscal year. The juvenile court clerk shall also receive any annual raises given to county employees by the Gibson County Commission.

---

[1]Section 8-24-102 provided:

Compensation of county officials. (a) For the purposes of determining the compensation to be received by the various county officers, "general officers" includes assessors of property, county clerks, clerks and masters of chancery courts, clerks of probate courts, clerks of circuit courts, clerks of general sessions courts, clerks of criminal courts, juvenile court clerks, county trustees and registers of deeds. "Highway official" refers to the "chief administrative officer;" as defined under the Tennessee County Uniform Highway Law; as provided in § 54-7-103.
    (b) Beginning July 1, 1996, county officers shall receive compensation per year as follows:

| County Population | General Officers | Sheriff & Highway Officials | County Executive |
|---|---|---|---|
| 400,000 and more | $84,000 | $92,400 | $97,020 |
| 275,000 to 399,999 | 77,500 | 85,250 | 89,513 |
| 250,000 to 274,999 | 72,000 | 79,200 | 83,160 |
| 225,000 to 249,999 | 69,000 | 75,900 | 79,350 |
| 200,000 to 224,999 | 66,000 | 72,600 | 76,230 |
| 175,000 to 199,999 | 63,000 | 69,300 | 72,765 |
| 150,000 to 174,999 | 60,000 | 66,000 | 69,300 |
| 125,000 to 149,999 | 57,000 | 62,700 | 65,835 |
| 100,000 to 124,999 | 54,000 | 59,400 | 62,370 |
| 65,000 to 99,999 | 52,500 | 57,750 | 60,638 |
| 50,000 to 64,999 | 50,000 | 55,000 | 57,750 |
| 35,000 to 49,999 | 45,000 | 49,500 | 51,975 |
| 23,000 to 34,999 | 43,000 | 47,300 | 49,665 |
| 12,000 to 22,999 | 39,000 | 42,900 | 45,045 |
| 5,000 to 11,999 | 33,500 | 36,850 | 38,693 |
| less than 5,000 | 31,000 | 34,100 | 35,805 |

Tennessee Code Annotated § 8-24-102 (Supp. 2000).

Section 8-24-102 as it existed in the 1993 code similarly set the compensation level of "clerks and county officers," as enumerated in § 8-22-101, based on county population according to the 1970 federal census. Tenn. Code Ann. §§ 8-24-101 & 102 (1993). The "clerks and county officers" enumerated in section 8-22-101(1993) included the juvenile court clerks.

Thus, when initially passed, the private act both established the office of juvenile court clerk and set the clerk's salary at an amount distinct from that set by the general statute.

After passage of the 2000 private act, in 2001 the General Assembly amended Tennessee Code Annotated § 8-24-102 to increase the pay scale for county officers, effective July 1, 2001. 2001 Tenn. Pub. Acts, ch. 405. Currently codified at Tennessee Code Annotated § 8-24-102 (2002 & Supp. 2007), the amended pay scale for county officers governed by the general statute is based on county population as determined by the 2000 federal census. Tenn. Code Ann. § 8-24-102(b) & (c). The 2001 amendments to the general statute were silent, however, with respect to whether the amended general statute superceded compensation provisions otherwise established by private acts.[2]

Plaintiff/Appellee Lee Hayes (Mr. Hayes) was elected Gibson County Juvenile Court Clerk in 2002, and was re-elected in 2006. Since 2002, Gibson County has compensated Mr. Hayes

---

[2]The code currently provides, in pertinent part:

(a) For the purposes of determining the compensation to be received by the various county officers, "general officers" includes assessors of property, county clerks, clerks and masters of chancery courts, clerks of probate courts, clerks of circuit courts, clerks of general sessions courts, clerks of criminal courts, juvenile court clerks, county trustees and registers of deeds.
    (b) Beginning July 1, 2001, general officers shall receive minimum compensation per year as follows:

| County Population | General Officers |
| --- | --- |
| 920,000 and more | $94,805 |
| 500,000 to 919,999 | 89,805 |
| 400,000 to 499,999 | 85,805 |
| 275,000 to 399,999 | 83,305 |
| 250,000 to 274,999 | 77,805 |
| 225,000 to 249,999 | 74,805 |
| 200,000 to 224,999 | 71,805 |
| 175,000 to 199,999 | 68,805 |
| 150,000 to 174,999 | 65,805 |
| 125,000 to 149,999 | 62,805 |
| 100,000 to 124,999 | 59,805 |
| 65,000 to 99,999 | 58,305 |
| 50,000 to 64,999 | 55,805 |
| 35,000 to 49,999 | 50,805 |
| 23,000 to 34,999 | 48,805 |
| 12,000 to 22,999 | 44,805 |
| less than 11,999 | 39,305 |

    (c) The population of counties, for purposes of this section, shall be determined by the 2000 federal census or the most recent succeeding federal census or a special census as provided in this subsection (c). . . .

Tennessee Code Annotated § 8-24-102 (2002 & Supp. 2007)

according to the provisions of the private act, and he has received salary increases commensurate with those received by other county employees. In late 2003 or early 2004, however, Mr. Hayes became aware of the discrepancy between the pay scales provided by the private act and the general statute. He advised the Gibson County attorney and the Administrative Offices of the Court ("AOC") of the discrepancy.

In August 2004, the chief legal consultant of University of Tennessee County Technical Assistance Service advised the Gibson County attorney that, in his view, the private act was "in unconstitutional conflict" with the general statute and that the juvenile court clerk should have been paid in accordance with the general statute from July 1, 2001. In 2004, the AOC sought an opinion from the Tennessee Attorney General regarding whether Mr. Hayes' compensation was properly set in accordance with the private act or should be determined as prescribed by Tennessee Code Annotated § 8-24-102. In January 2005, the Attorney General opined that, for the period July 1, 2000, until the 2001 amended general statute became effective on July 1, 2001, the clerk should be paid under the private act and that, beginning July 1, 2001, the clerk should be paid under section 8-24-102 as amended. The Attorney General's opinion stated, "we think a court would conclude that the 2001 amendment repealed the 2000 private act by implication."

In January 2007, Mr. Hayes filed a declaratory judgment action and petition for writ of mandamus against Gibson County in the Chancery Court for Gibson County. In his petition, Mr. Hayes asserted that the amended general statute supercedes the private act. He asserted he was, therefore, entitled to compensation under the general statute as amended. Mr. Hayes prayed for a declaratory judgment and/or writ of mandamus declaring that he was entitled to compensation pursuant to Tennessee Code Annotated § 8-24-102 retroactive to September 1, 2002; a judgment in the amount of the additional compensation due under the general statute retroactive to September 1, 2002; prejudgment interest in the amount of ten percent; costs; and attorney's fees. Mr. Hayes additionally prayed for punitive damages in an amount not to exceed three times the amount of compensatory damages to which he asserted he was entitled.

Following a hearing on June 19, 2007, the trial court entered judgment in favor of Mr. Hayes, holding that the salary for the Gibson County Juvenile Court Clerk should have been established according to Tennessee Code Annotated § 8-24-102. The trial court awarded Mr. Hayes back pay in the amount of $95,773.83, which the parties have agreed reflects the cumulative difference in salary for the period September 1, 2002, to June 30, 2007. The trial court also awarded Mr. Hayes pre-judgment interest in the amount of ten percent per annum, and attorney's fees in the amount of $9,075. The trial court denied Mr. Hayes' claim for punitive damages. The trial court entered final judgment in favor of Mr. Hayes on July 24, 2007, and Gibson County filed a timely notice of appeal to this Court. In August 2007, the trial court stayed execution of the judgment pending appeal. We reverse.

### *Issue Presented*

Gibson County presents the following issue for our review:

Whether the trial court erred in its determination and ruling that the general law as opposed to the Private Act is applicable to the issue of which salary act should be used to calculate Plaintiff's salary in his capacity as Gibson County Juvenile Court Clerk.

### *Standard of Review*

The construction of a statute is a question of law which we review *de novo*, with no presumption of correctness attached to the determination of the trial court. *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000). When construing a statute, the court's primary purpose is "to ascertain and give effect to the intention and purpose of the legislature." *Knox County Educ. Ass'n v. Knox County Bd. of Educ.*, 60 S.W.3d 65, 74 (Tenn. Ct. App. 2001)(quoting *Carson Creek Vacation Resorts, Inc. v. Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993)). Insofar as possible, we determine legislative intent from the natural and ordinary meaning of the words chosen by the legislature, "read in the context of the entire statute, without any forced or subtle construction which would extend or limit its meaning." *Id.* (quoting *National Gas Distribs., Inc. v. State*, 804 S.W.2d 66, 67 (Tenn. 1991)).

### *Analysis*

We begin our analysis by noting that the trial court based its judgment on two distinct findings. First, it found that a constitutional conflict existed between the 2000 private act and Tennessee Code Annotated § 8-24-102, as amended in 2001, and that there is "no rational basis" for the private act to differ from the "general salary law." Second, it determined that the amended general statute superceded the private act. We note, however, that the issue of whether the private act is unconstitutional was not properly raised in the trial court. Under Tennessee Code Annotated § 29-14-107 and Tennessee Rule of Civil Procedure 24.04, a party seeking to challenge the constitutionality of a statute must serve notice on the Attorney General. The failure to provide notice of a constitutional challenge to the Attorney General as mandated by Tennessee Code Annotated § 29-14-107 and Tennessee Rule of Civil Procedure 24.04 is fatal "except to the extent the challenged statutes are so clearly or blatantly unconstitutional as to obviate the necessity for any discussion." *In re Adoption of E.N.R.*, 42 S.W.3d 26, 28 (Tenn. 2001). The same notice requirement must be met by a party seeking to challenge the constitutionality of a private act. *See Hoover, Inc. v. Rutherford County*, 885 S.W.2d 67, 68 n.1 (Tenn. App. 1994). We do not believe the private act in this case, which established not only the salary of the juvenile court clerk but the office itself, is blatantly unconstitutional on its face.

We accordingly turn to whether the 2001 amendments to Tennessee Code Annotated § 8-24-102 repealed the private act by implication. We begin our analysis by noting that, despite the addition of the word "minimum" to subsection (b) of section 8-24-102, the 2001 amendments did not change the character or purpose of the statutory section, which clearly provides the general minimum compensation levels for county officials. As noted above, section 8-24-102 as it existed prior to the 2001 amendments, and when the General Assembly enacted the private act establishing

-5-

the office of juvenile court clerk for Gibson County, established the general pay scale for juvenile court clerks based on county population. Therefore, when the General Assembly enacted the 2000 private act, the pay scale established by that act specifically for the juvenile court clerk differed from the pay scale set by the general statute. We further note that when resolving conflicts between statutory provisions, including conflicts between private acts and general statutory provisions contained in the public acts, we presume the general assembly knows the state of the law when enacting later legislation. *State v. Davis*, 173 S.W.3d 411, 415 (Tenn. 2005). Accordingly, relying on this presumption, we seek to determine whether a challenged private act can be construed so as to coexist harmoniously with the provisions of the general public statutes, notwithstanding a deviation from the general statutory scheme. *In Re Estate of Nelson*, No. W2006-00030-COA-R3-CV, 2007 WL 851265, at *8 (Tenn. Ct. App. Mar. 22, 2007)(*no perm. app. filed*)(citing *State v. Davis*, 173 S.W.3d at 415). With these observations in mind, we turn to whether the 2001 amendments to section 8-24-102 repealed the 2000 private act by implication.

As a general rule, "a private act is superseded as far as is necessary to give effect to a general statutory scheme of statewide application." *Knox County Educ. Ass'n v. Knox County Bd. of Educ.*, 60 S.W.3d 65, 74 (Tenn. Ct. App. 2001)(citing *Kentucky-Tennessee Clay Co. v. Huddleston*, 922 S.W.2d 539, 542 (Tenn. Ct. App.1995)). However, Tennessee law disfavors repeal by implication. *Id.* A repeal by implication will be "recognized only when no reasonable construction allows the subject acts to stand together." *Id.* (Citing *Cronin v. Howe*, 906 S.W.2d 910, 912 (Tenn. 1995)). A statutory construction placing one act in conflict with another must be avoided. *Id.* Accordingly, the courts must resolve apparent conflicts between acts "so as to provide a harmonious operation of the laws." *Id.* The court will find a repeal by implication only when inescapable conflict exists. *Id.* (citing *Pacific Eastern Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 954 (Tenn. Ct. App.1995)); *See also In Re Estate of Nelson*, No. W2006-00030-COA-R3-CV, 2007 WL 851265 (Tenn. Ct. App. Mar. 22, 2007)(*no perm. app. filed*).

We do not find the 2000 private act establishing the office and compensation for the Gibson County Juvenile Court Clerk to be in "inescapable conflict" with the general statute. As noted above, the 2000 private act established not only the compensation of the juvenile court clerk, but established the office itself. Section 4(c) of the private act also set out specific requirements for the office, including requiring that the juvenile court clerk be a citizen of Gibson County and continuously reside within the county. Further, neither Mr. Hayes nor Gibson County assert that 2000 private act was repealed by implication in its entirety. Indeed, we do not believe either party would desire such a result, which would eliminate the office of juvenile court clerk for Gibson County. Additionally, contrary to the opinion of the Attorney General, in section 4(f) of the 2000 private act the General Assembly did not differentiate between the compensation package to be provided to the appointed clerk and that provided to the clerk to be elected in the general election in August 2002. Rather, section 4(f) specifically established the compensation package for the juvenile court clerk to be "appointed *and* elected" (emphasis added). The section additionally provided that "[t]he juvenile court clerk shall also receive any annual raises given to county employees by the Gibson County Commission." Thus, the private act not only established the initial

salary level for the newly created office of juvenile court clerk, but also provided the mechanism by which that salary level was to be increased consistently with that of other county employees.

Moreover, as noted, the provisions of Tennessee Code Annotated § 8-24-102 were not originally enacted in 2001. The general statutory scheme existed when the General Assembly established the office and compensation package of the juvenile court clerk by private act in 2000. The 2001 amendments to the general statute did not alter the character or purpose of the statutory scheme. In light of the General Assembly's presumed knowledge of the provisions of the general statute when it enacted the private act in 2000, and in light of its presumed awareness of the private act when it amended the general provisions of section 8-24-102 in 2001, coupled with the absence of any language in the 2001 amendments to Tennessee Code Annotated § 8-24-102 repealing this or any similar private act, we hold that the 2001 amendments to Tennessee Code Annotated § 8-24-102 did not repeal the 2000 private act by implication. Additionally, as noted above, the private act is not blatantly unconstitutional on its face, and the issue of whether it is unconstitutional under Tennessee Code Annotated § 8-24-102 was not properly raised in the trial court where the Attorney General was not served with notice of this litigation.

### *Holding*

In light of the foregoing, the judgment of the trial court is reversed. Costs of this appeal are taxed to the Appellee, Lee Hayes.

_____
DAVID R. FARMER, JUDGE