IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 12, 2016 Session

**STATE OF TENNESSEE v. ANTHONY R. SMITH, JR.**

**Appeal from the Circuit Court for Montgomery County
No. CC15-CR-1064     John H. Gasaway, III, Judge**

---

**No. M2015-01289-CCA-R3-CD – Filed February 12, 2016**

---

Defendant, Anthony R. Smith, Jr., filed a motion to dismiss his indictment for possession of a firearm after having been convicted of a felony drug offense, which was granted by the trial court. The State appealed the dismissal. Upon our review of this matter of first impression, we determine that the definition of "felony" provided in Tennessee Code Annotated section 39-11-110 controls the determination of whether an out-of-state conviction constitutes a "felony drug offense." We reverse the decision of the trial court, reinstate the indictment, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; John W. Carney, District Attorney General; and Timothy J. Peters, Assistant District Attorney General, for the appellant, State of Tennessee.

Roger E. Nell, District Public Defender, and Daniel P. Ufford, Assistant District Public Defender, for the appellee, Anthony R. Smith, Jr.

**OPINION**

This is the State's appeal of the Montgomery County Circuit Court's dismissal of count one of the indictment charging Defendant with possession of a firearm after having been convicted of a felony drug offense.

*Factual and Procedural Background*

On September 3, 2014, Defendant was charged by the Montgomery County Grand Jury with one count of possession of a weapon after having been convicted of a felony drug offense, one count of simple possession of marijuana, and one count of possession of drug paraphernalia. On May 1, 2015, Defendant filed a motion to dismiss the firearm charge, arguing that his prior felony drug conviction in Indiana would be classified as a misdemeanor had it been committed in Tennessee. On May 13, 2015, Defendant pled guilty to simple possession of marijuana and possession of drug paraphernalia, and the trial court held a hearing on the motion to dismiss the firearm charge.

At the hearing, the parties stipulated to the basic facts of the case: the Clarksville Police went to Defendant's apartment and discovered a shotgun, and Defendant has a prior conviction out of Indiana for felony possession of cocaine. Defendant argued that because Tennessee Code Annotated section 39-17-1307 did not provide a definition of "felony drug offense" and because there was no case law directly on point, that the court should look to the persuasive authority of the sentencing statutes, such as Tennessee Code Annotated section 40-35-106(b)(5), and a Court of Appeals case regarding the effect of an out-of-state pardon on a person's ability to possess a firearm in Tennessee, *David Scott Blackwell v. Bill Haslam*, No. M2012-01991-COA-R3-CV, 2013 WL 3379364 (Tenn. Ct. App. June 28, 2013), *perm. app. denied* (Tenn. Oct. 16, 2013). The State agreed that there was no case law directly on point. The State argued, however, that the sentencing provisions do not apply to Section 39-17-1307. The trial court stated that because the case was one of first impression, "the benefit of the [c]ourt's doubt is going to go to the Defendant and besides, you [the State] have a lot more appellate people than he does, so you file the appeal."

On June 10, 2015, the trial court entered an order dismissing the firearm charge. The court looked to the classification of out-of-state offenses under the sentencing provisions and concluded that "whether a foreign felony is treated as a felony or misdemeanor under Tennessee law depends on what classification the offense would be under Tennessee law." The trial court found that while Defendant's conviction for possession of cocaine was a felony under Indiana law, *see* Ind. Code Ann. § 35-48-4-6(a), the same conduct would be classified as misdemeanor simple possession of cocaine under Tennessee law, *see* T.C.A. § 39-17-418. Because Defendant's conviction in Indiana would not be a felony under Tennessee law, the trial court dismissed the charge of possession of a firearm after being convicted of a felony drug offense.

The State filed a timely notice of appeal.

*Analysis*

- 2 -

This is a case of first impression involving statutory construction. Appellate courts review issues of statutory construction under a de novo standard of review. *State v. Hogg*, 448 S.W.3d 877, 887 (Tenn. 2014). "The role of this Court in construing statutes 'is to give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" *State v. McGouey*, 229 S.W.3d 668, 672 (Tenn. 2007) (quoting *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)). The courts "must look to the plain language of the statute to determine the intent of the legislature." *Hogg*, 448 S.W.3d at 887. When the language of the legislature is clear and unambiguous, the court should apply the plain language in its normal and accepted use. *Id*. However, when the language of a statute is susceptible of more than one meaning, "we must resort to the rules of statutory construction and other external sources to ascertain the General Assembly's intent and purpose." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010). The court should not incorporate "magic words" into criminal statutes, especially where the legislature has specifically included the proposed language in other statutes but not in the one under dispute. *See State v. Nelson*, 23 S.W.3d 270, 271 (Tenn. 2000). We must "presume that the General Assembly used every word deliberately and that each word has a specific meaning and purpose." *Lee Med., Inc.*, 312 S.W.3d at 527.

Tennessee Code Annotated section 39-17-1307(b)(1)(B) makes it an offense for a person who "[h]as been convicted of a felony drug offense" to possess a firearm. There is no statutory definition of "felony drug offense" under Tennessee Code Annotated section 39-17-1307 (the statute under consideration), 39-17-1301 (definitions for weapons offenses under Part 13 of Chapter 17), or 39-11-106 (definitions for criminal offenses under Title 39). However, the term "felony" is defined in Tennessee Code Annotated section 39-11-110 as "[a]ll violations of law that may be punished by one (1) year or more of confinement or by the infliction of the death penalty."

We hold that the definition of the term "felony" under Tennessee Code Annotated section 39-11-110 is the proper definition to apply in this case, rather than the specification of how out-of-state felonies are to be classified for sentencing purposes. "When two statutes seemingly address the matter in question, and one is special and particular and the other is general, then the general statute will be construed so as to operate on all the subjects introduced therein except the particular one which is the subject of the special provision." *State v. Davis*, 173 S.W.3d 411, 415 (Tenn. 2005). In this case, the sentencing statutes cited by Defendant and the trial court apply to the determination of a person's status as a multiple, persistent, or career offender. These statutes apply specifically to sentencing, while the general definition applies in all other contexts.

We also do not accept the State's argument that because another state denominates a specific crime a "felony," that Tennessee is bound by that classification. Not every

- 3 -

other jurisdiction defines a "felony" the same way that Tennessee does. For example, in Indiana, a person convicted of a Class D felony may be punished by a term of imprisonment between six months and three years. Ind. Code Ann. § 35-50-2-7(a) (for crimes committed before July 1, 2014). Similarly, the Tennessee definition of "felony" varies slightly from the federal definition, such that "it is possible for a person with a particular conviction to be prohibited from possessing a firearm or a handgun under § 39-13-1307 even though the possession would not be prohibited under federal law." Tenn. Op. Atty. Gen. No. 15-33 (Apr. 10, 2015). As noted by the Maryland Court of Appeals,

> some states do not employ the "felony-misdemeanor" dichotomy at all. Maine, for instance, classifies crimes in a "class" system, ranking each individual offense as class A, B, C, D, or E. *See* Me. Rev. Stat. Ann. tit. 17-A, § 4(1). New Jersey, on the other hand, classifies crimes in order of "degrees," first, second, third, or fourth. *See* N.J. Stat. Ann. § 2C:43-1.

*Jones v. State*, 23 A.3d 880, 891-92 (Md. 2011). We cannot imagine that the legislature intended for a person convicted of a serious drug offense in a state such as Maine or New Jersey to be allowed to possess a firearm in Tennessee simply because those states do not use the term "felony." Applying the definition of "felony" in Tennessee Code Annotated section 39-11-110 allows courts to determine whether a prior conviction qualifies as a "felony drug offense," regardless of the classification system used by the other jurisdiction.

In this case, we hold that Defendant's prior conviction for possession of cocaine in Indiana is a "felony drug offense" under Tennessee Code Annotated section 39-17-1307(b)(1)(B). In Indiana at the time Defendant was convicted, possession of any amount of cocaine was deemed a "Class D felony." Ind. Code Ann. § 35-48-4-6(a) (2001).[1] As noted above, under Indiana law, a person convicted of a Class D felony may be punished by a term of imprisonment between six months and three years. Ind. Code Ann. § 35-50-2-7(a). Additionally, the trial court has the discretion to convert a conviction for a Class D felony into a conviction for a Class A misdemeanor under certain circumstances, Ind. Code Ann. § 35-50-2-7(c), (d), and impose a sentence of not more than one year, *id.* at § 35-50-3-2. As noted above, "[a]ll violations of law that *may be* punished by one (1) year or more of confinement or by the infliction of the death penalty are denominated felonies." T.C.A. § 39-11-110 (emphasis added). Regardless of whether Defendant was sentenced in Indiana for a Class D felony or a Class A misdemeanor, Defendant could have received a punishment of imprisonment for one year

---

[1] As of July 1, 2014, possession of cocaine is classified as a "Level 6 felony." Ind. Code Ann. § 35-48-4-6(a) (2014). Though the record is unclear as to when Defendant was convicted in Indiana, we presume it was prior to July 1, 2014, based on the date of the indictment in this case.

or more.  Therefore, Defendant's prior conviction for possession of cocaine is a prior felony drug offense under Tennessee law.

*Conclusion*

Based on the foregoing, we reverse the decision of the trial court and reinstate the indictment for possession of a firearm after having been convicted of a felony drug offense and remand for further prosecution.

_____
TIMOTHY L. EASTER, JUDGE